WILLIAM F. BECHEL v. PACIFIC EXPRESS COMPANY.

FILED OCTOBER 9, 1902. No. 11,957.

Commissioner's opinion, Department No. 2.

1. **Examining Magistrate: DECISION: PRIMA-FACIE EVIDENCE OF PROBABLE CAUSE.** The decision of an examining magistrate in binding over to the district court a person accused of felony, is prima-facie evidence of probable cause for the prosecution, but is not conclusive.

2. **Directing Verdict in Malicious Prosecution.** In an action for malicious prosecution where there is sufficient in undisputed evidence to show probable cause, the trial court should direct a verdict for the defendant.

3. **Criminal Prosecution: SUSPICION: REASONABLE CARE IMCUMBENT IN VERIFYING.** A person who suspects another of having committed an offense is bound to verify his suspicions by such inquiry as reasonable care and prudence would suggest under the circumstances of the particular case, before beginning a prosecution.

4. **Not Bound to Call on Person Suspected for Explanation.** Such person need not, as a general rule, call upon the person suspected to give an explanation, especially where there is no reason to believe that such explanation would materially alter the opinion produced by information already acquired.

ERROR from the district court for Douglas county. Tried below before ESTELLE, J. *Affirmed.*

*Connell & Ives* and *Edgar H. Scott,* for plaintiff in error.

*W. W. Morsman, contra.*

POUND, C.

This is an action for malicious prosecution. The district court, after a trial lasting three weeks, directed a verdict for the defendant; and plaintiff brings error from a judgment on the verdict so directed. The chief question raised is whether there was probable cause for the prosecution. In determining this question we have been compelled to undertake a protracted and laborious examination of an unusually voluminous and involved record. But we do not think any useful purpose would be subserved by a detailed statement of the numerous and intricate transactions out of which the prosecution arose. Nor do we think it would be just to Mr. Bechel, who has been acquitted of the charge, to set forth at length a necessarily one-sided account of the facts and circumstances which were known to the prosecuting witness, and operated to bring about the prosecution. The question now is not whether he was guilty, but whether those who charged him with the offense which had undoubtedly been committed, at the time and under all the circumstances, had probable cause to believe him guilty. After a careful review of the evidence none of us have any doubt on this score.

It has been urged that the decision of the county judge in binding the plaintiff over to the district court on two separate occasions, after two separate hearings, is conclusive that there was probable cause for the prosecution. This contention is not without support from respectable authorities. But we think the better rule is that the decision of an examining magistrate in binding over to the district court a person accused of felony is prima-facie evidence of probable cause only. It is not conclusive. Of course there is room for a distinction between cases where a magistrate has a power of commitment only and those in which, as in our practice, the magistrate must adjudge

whether there is probable cause. But we do not think this preliminary adjudication of that question should be held conclusive. Its purpose is merely to determine whether the prosecution shall proceed. Its force as evidence may be considerable. Unless impeached by showing of fraud, collusion or perjury, or a gross misapprehension of law by the magistrate, it may be convincing. Yet we do not think that the plaintiff should be limited to some such attack upon the proceeding directly, but that it should be treated as prima-facie evidence only, and that want of probable cause may be established notwithstanding, by any form of competent and sufficient proof. Such is the view taken by the weight of authority. *Ross v. Hixon,* 46 Kan., 550, 26 Pac. Rep., 955, 12 L. R. A., 760*; 19 Am. & Eng. Ency. Law [2d ed.], 664. Moreover, this court has held that even a conviction is not, of necessity, conclusive. *Nehr v. Dobbs,* 47 Nebr., 863; *Maynard v. Sigman,* 65 Nebr., 590.

Granting, however, that want of probable cause may be shown notwithstanding commitment by the examining magistrate, whether the facts adduced to that end show or fail to show want of probable cause, is a question for the court. If there is sufficient in undisputed evidence to show probable cause for the prosecution, the trial court should direct a verdict for the defendant. *Dreyfus v. Aul,* 29 Nebr., 191; *Turner v. O'Brien,* 11 Nebr., 108. It can not matter that some or many of the facts bearing on the issue as to probable cause are in dispute, if there are still enough established and undisputed to determine the question in point of law. The facts being determined, the question is one for the court; and if there are enough on which to base a determination without leaving anything that may be in dispute to the jury, there is nothing for the jury to pass upon. We are unanimously of opinion that such is the situation in the case at bar. The strongest point made on behalf of plaintiff is that the prosecuting witness and the officers of the defendant corporation neglected to go to

*26 Am. St. Rep., 123.

Mr. Bechel before beginning the prosecution and learn his version or explanation of the transactions upon which the prosecution was founded. Undoubtedly a person who suspects another of having committed an offense is bound to verify his suspicions by such inquiry as reasonable care and prudence would suggest, under the circumstances of the particular case, before making a complaint. *Miller v. Chicago, M. & St. P. R. Co.*, 41 Fed. Rep., 898; 19 Am. & Eng. Ency. Law [2d ed.], 661. If he neglects to make such inquiry as would be natural and reasonable under the circumstances of the case, he is chargeable with notice of the facts which such inquiry would have disclosed. *Tucker v. Cannon*, 28 Nebr., 196; *Manning v. Finn*, 23 Nebr., 511, 525; *Boyd v. Mendenhall*, 53 Minn., 274, 55 N. W. Rep., 45. There may be cases in which it would be necessary, under this requirement, to call upon the person suspected to give an explanation. But such course need not be taken as a general rule. In many cases it would obviously be unreasonable to suppose that any good could result, and unless such an inquiry would be reasonable under the particular facts, it is not necessary. Thus one who contemplates proceedings to bind another over to keep the peace is not required first to go to such person and inquire as to his intentions. *Fisher v. Hamilton*, 49 Ind., 341. The same view must be taken where there is no reason to believe that the explanation of the person suspected of a crime, when obtained, would materially alter the opinion produced by information already acquired. *Miller v. Chicago, M. & St. P. R. Co.*, 41 Fed. Rep., 898, 910; *Spitzer v. Friedlander*, 14 App. D. C., 556, 570. In the case at bar, the prosecuting witness was in possession of evidence showing that gross irregularities had occurred in the department under plaintiff's charge, which had resulted in the abstraction of large sums of the company's money; he knew that plaintiff, when these irregularities first came to light, took no steps to investigate them; he knew that a large part of the money taken appeared to have gone into a mining venture in which plaintiff was one of the active

promoters; he knew that the predecessor of the clerk and bookkeeper through whom the money was abstracted had been connected with the mining venture as long as he was in a position to divert the company's money, and that the change in the company's office was followed by a corresponding change in the officers of the mining scheme; he knew that the irregularities and false entries were such that a very trivial exercise of the supervision which plaintiff might have been supposed to give the affairs of his office would have revealed them. What could plaintiff have said that would have altered the opinion formed by those who investigated the company's books and acquired this information? If he told all that he testified to in this case, he would have informed them that he knew one of the clerks was a defaulter, but had not disclosed the fact because the clerk had promised to adjust the matter with the president of the company; he would have disclosed that he knew the company's money was being used by another clerk in the mining venture of which plaintiff was the head, but that he believed such use was temporary only, and that such clerk was making good the abstractions out of funds left him by a relative; he would have disclosed that he took no apparent pains to ascertain whether the clerk, who was receiving a salary of $110 a month, had any independent resources, had any funds left by a relative, or was restoring or pretending to restore the large sums which he constantly took out. Moreover, he would have had to admit that false entries by which these abstractions were covered up had passed under his eye more than once. As to these, he could have said only that he relied on his subordinates, signed the papers they presented, and was too much taken up with other work to look below the surface. We can not think that these explanations would have induced any one to abandon the belief in his guilt naturally created by the evidence before the prosecuting witness.

We recommend that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

