PARL W. DENNIS, APPELLANT, V. ROBERT BERENS, APPELLEE.
54 N. W. 2d 259

Filed June 27, 1952. No. 33194.

*Ephraim L. Marks,* for appellant.

*Mecham, Stoehr, Moore, Mecham & Hills,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages sustained by the plaintiff, a pedestrian, who was struck by an automobile operated by the defendant. The trial court entered a summary judgment for the defendant and the plaintiff appeals.

The record shows that defendant took the deposition of the plaintiff prior to trial, in which the plaintiff testified substantially as follows: Plaintiff was walking from west to east across Twenty-fourth Street at the alley between Chicago and Cass Streets in the city of Omaha. Before crossing the street plaintiff stopped on the sidewalk and looked both ways, and saw the defendant's car approaching from the north almost a block away. He also saw a car approaching from the south about two blocks away. He saw that he had ample time to cross the street and started across. When he reached the west curb of Twenty-fourth Street he looked north again and saw defendant's car about even with Cass Street one-half block away. He continued into the street and when he got to the center of the west steetcar track he observed defendant's car about 20 feet from him. He tried to avoid being hit but the speed of the car

prevented his doing so. He estimated the speed of the car at 35 miles an hour and says the car did not slow down before the impact. He testified that he walked across the street at his normal gait and that there were no obstructions impairing his view. Upon the evidence herein set forth the trial court sustained defendant's motion for a summary judgment in favor of the defendant.

The summary judgment statute, section 25-1332, R. S. Supp., 1951, provides in part as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The foregoing statute is patterned after Rule 56 of the Federal Rules of Civil Procedure. See 28 U. S. C. A., Federal Rules of Civil Procedure, Rule 56, p. 153. The interpretations placed upon Rule 56 by the federal courts prior to the passage of the summary judgment act will have great weight, therefore, in our interpretation of the act.

In considering a motion for a summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom. Ramsouer v. Midland Valley R. R. Co., 135 F. 2d 101; Dulansky v. Iowa-Illinois Gas & Electric Co., 191 F. 2d 881.

A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered. Sartor v. Arkansas Natural Gas Corp., 321 U. S. 620, 64 S. Ct. 724, 88 L. Ed. 967. The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented in the case, but to discover if any real issue of fact exists. Sprague v. Vogt, 150 F. 2d 795. In other words, the court can merely determine

that an issue of fact does or does not exist. If such an issue does exist, the summary judgment act has no application; if such an issue does not exist, a motion for a summary judgment affords a proper remedy. The evidence offered in support of the motion is for the purpose of showing that no issue of fact exists, not to try issues on pleadings, depositions, admissions, and affidavits which constitute only a part of the evidence available on a trial on the merits. The burden is upon the moving party to show that no issue of fact exists, and unless he can conclusively do so the motion for summary judgment must be overruled.

It is the contention of the defendant in the present case that the statements of the plaintiff made in his deposition preclude a recovery by him as a matter of law, irrespective of the extent or degree of defendant's negligence. The controlling rule governing the care required of a pedestrian crossing a street between intersections is set out in Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613, wherein we said: "But one who crosses a street between intersections is required to keep a constant lookout for his own safety in all directions of anticipated danger. Where such person crosses the street between intersections without looking at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see and proceeds irrespective of that fact, the situation usually presents a question for the court. Where he looks but does not see an approaching automobile, or sees it and misjudges its speed or its distance from him, or for some other reason concludes that he could avoid injury to himself, a jury question is usually presented."

In the case at bar, plaintiff looked and saw the car approaching from the north about one-half block away. He says it was traveling about 35 miles an hour, and he concluded that he had ample time to cross ahead of it. There is no evidence here in support of the motion that he walked in front of a car without looking at

all, or without taking any precautions for his own safety. Under his evidence he either misjudged the distance the car was from him, or the speed at which it was traveling. It is a question of fact under all the circumstances surrounding the accident as to whether or not plaintiff was negligent in misjudging the speed of the car or its distance from him and assuming that he could safely cross the street. It is for the jury to say whether the injury resulted from his negligence or whether it was due to excessive speed on the part of defendant or to any of the acts of negligence with which he is charged. Plaintiff comes within the latter part ·of the quoted portion from the Trumbley case. If this were not so, defendant could escape liability even if he deliberately ran the defendant down or irrespective of the last clear chance doctrine. The evidence adduced does not eliminate every basis of liability presented by the pleadings as a matter of law, as it did in the Trumbley case. We think there is a question of fact to be determined in the present case under the evidence presently before the court and that the trial court erred in sustaining a motion for a summary judgment.

REVERSED.

WENKE, J., participating on briefs.