EVELYN ILLIAN, APPELLANT, v. MARK MCMANAMAN, APPELLEE.

54 N. W. 2d 244

Filed June 27, 1952. No. 33164.

*Warren C. Schrempp* and *David S. Lathrop,* for appellant.

*Mecham, Stoehr; Moore, Mecham & Hills,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ..

SIMMONS, C. J.

This is an action for damages under the guest statute arising as a result of an automobile accident. The trial court sustained a motion for summary judgment and dismissed the petition. Plaintiff appeals. We reverse the judgment of the trial court and remand.

Plaintiff alleged in her petition that on June 23, 1951, at 1:30 a. m., she was a passenger and guest in defendant's automobile; and that defendant drove his car into a ditch and a bank resulting in personal injuries to her. She alleged defendant's gross negligence in the following particulars: (a) Operating at an excessive rate of speed to wit 50 miles per hour; (b) in failing to observe that the highway turned and continuing in a straight course at a high rate of speed; (c) in driving his automobile at a high rate of speed into a ditch and bank; (d) in operating his automobile while under the influence of intoxicating liquor; and (e) in failing to stop or turn in time to avoid the accident. She alleged her injuries and damages.

Defendant answered, denied generally, denied negligence, and alleged his due care; alleged that plaintiff assumed the risk of sustaining said alleged injuries; and alleged plaintiff's contributory negligence as the proximate cause. For reply plaintiff denied every allegation of new matter in the answer.

After the answer was filed, defendant took plaintiff's deposition subject to a stipulation that any and all objections could be made at the time of trial with the same force and effect as if made at the time of the taking of the deposition; that the shorthand notes could be transcribed outside of the presence of the witness; and waived the signature of the witness and notice of the filing of the deposition.

Plaintiff testified as follows in the deposition, and many of the responses were in answer to leading questions. She is a single woman, 20 years of age, a stenographer, and had know defendant since early childhood. She was living in Omaha. Plaintiff knew that defendant drank "quite a bit." She had drunk with him socially; she had ridden with him in a car before and thought he drove rather recklessly when he had been drinking; that she was always afraid to ride with him, but he gave her to understand he did it to scare her; and on occasion she had asked him not to drive so fast, but he persisted and she had quit asking him. On the night in question, defendant asked her to go to Bellevue to get his car, where it had been repaired; and she agreed on condition there was to be no drinking and that she would be home early. The defendant and two friends came in the car of one of them for her at 9:30 p. m. They started for Bellevue, south of Omaha. They stopped at a beer tavern in Omaha where the three men went in at 10 p. m. Plaintiff remained outside in the car. Defendant and the others came out at different times, she could smell beer on them, she knew that defendant had been drinking, but did not know how much. The party left that tavern at 11:30 p. m., and started for Bellevue. They brought two "six packs" of beer from the tavern. The defendant and one of the men each drank two or three cans on the way to Bellevue. Plaintiff refused to drink and the men got insulting by asking her to do so.

At Bellevue they located defendant's car, and then

went to a bar where defendant and one of the men were from 12 midnight to 1 a. m. One of the men was asleep in the car, "passed out." Plaintiff could see in the bar but did not know what the two were drinking. They came out at 1 a. m. Plaintiff could "tell that they had been drinking quite a bit. They were loud and still insulting. 104 Q In other words, from the time they were at that bar in Omaha up to that time, about all they did was merely continue what, very obviously, was some good, heavy drinking; is that right? A Yes."

The four then drove to where defendant's car was and defendant went in to see the mechanic, taking "some beer" in with him. He remained there 15 or 20 minutes. The defendant came out and the two other men left in the car that had been used up to that time. Plaintiff and defendant started for Omaha in his car. He had no beer with him. They did not get on the highway to Omaha, but drove around for some time making several turns and finally got on a straight, level, two-lane highway, apparently seeking the highway to Omaha. The distance of this journey is not shown, except that one part of it was a mile or more.

Defendant was driving on this highway at about 50 miles per hour, and they came to a dead end where a turn was necessary. Apparently defendant did not see it, plaintiff did just before the accident and when she realized that defendant did not, she called it to his attention—but too late and the accident followed.

Plaintiff answered "That's right" in answer to a question that from 10 p. m. until seeing the mechanic "he had been drinking beer just most of the time. 116 Q All three of them obviously had had more to drink than you felt they should have had; is that right? A Than they should have had." As of the time of the accident, she was asked: "160 Q Did he obviously appear to be under the influence, then, at that time? A Yes. * * * 164 Q You would say, then, that the reason he should have been going 35 was because of his drinking or be-

cause of the condition of the road at that place? A Both."

After the accident, police came, asked defendant what he had been drinking, checked his car, and asked what he had done with the bottle. Defendant went to spend the night with relatives in Bellevue and plaintiff was taken to Omaha.

Defendant filed the deposition. He then moved for judgment for the reason that the pleadings and deposition show that plaintiff was guilty of more than slight contributory negligence as a matter of law and assumed the risk of the injury.

Plaintiff filed an affidavit reciting that when she entered defendant's automobile, his acts, conduct, and speech were not such as to indicate to a reasonably prudent person that he was under the influence of intoxicants to such an extent as would affect his driving ability; that she did not then realize that he was under such influence sufficient to make it dangerous for her to ride with him as a passenger; that the first time she realized it was just before the accident happened, when she realized he had not seen the turn in the road; and that answers to questions 104, 116, and 164 (hereinbefore quoted) were statements of her present conclusions taking into consideration what had happened and did not reflect her state of mind at the points of time during the evening in question. The matter was argued to the court and taken under submission. Plaintiff was given leave to file additional affidavits.

Plaintiff then filed a second affidavit reciting that defendant had promised her on the night in question that he would not get intoxicated, and that she relied thereon; that in her deposition when she stated she knew defendant was a reckless driver when drinking, she meant that he was reckless if he drank to an extent that made him drunk; that she knew he had been drinking beer but also that he was not drunk; that during the ride from Omaha to Bellevue neither in speech, action, or conduct did he indicate that he was under the influence

of liquor; that the reason she said the men had been insulting was that she resented being asked to drink after she had declined to do so; that after defendant's visit to the tavern in Bellevue neither his speech, action, or conduct indicated that he was affected by the beer "which he presumably had consumed"; that he transacted his business with the mechanic in a satisfactory manner; that she had no indication he was under the influence of intoxicating liquor prior to the accident; that she is a minor, has had no experience to any extent with intoxicants, and does not claim to be able to judge degrees of intoxication in others; that after the accident, defendant was interviewed by officers and that no charges were filed against him; that her conclusion that defendant was drunk at the time of the accident was based on the fact that he failed to observe the turn in the road; that her answer to question 160 (hereinbefore quoted) was a conclusion based on the fact that he failed to see the turn in the road; that the only drinking by defendant that she observed was a total amount of two or three cans of beer; and that she assumed he had had beer in the tavern but relied upon his promise not to become drunk.

The trial court, on consideration of the pleadings, the deposition, and the motion, sustained the motion and dismissed the petition.

Plaintiff appeals.

Our summary judgment law is sections 25-1330 to 25-1336, R. S. Supp., 1951.

The provision important here is the following from section 25-1332, R. S. Supp., 1951: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Our act is a substantial copy of Rule 56, Federal Rules of Civil Procedure, Title 28 U. S. C. A., p. 153. The

language above quoted is found in Rule 56 (c).

The rule is: "When a statute has been adopted from another state, ordinarily the construction given prior to its adoption by the courts of that state will be followed in this state, in the absence of any indication of a contrary intention on the part of the Legislature." Nebraska Mid-State Reclamation Dist. v. Hall County, 152 Neb. 410, 41 N. W. 2d 397.

The Supreme Court of the United States in Sartor v. Arkansas Natural Gas Corp., 321 U. S. 620, 64 S. Ct. 724, 88 L. Ed. 967, held: "The Court of Appeals below heretofore has correctly noted that Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try."

In Ramsouer v. Midland Valley R. R. Co., 135 F. 2d 101, the court held: "* * * the issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined. In considering such a motion as in a motion for a directed verdict, the court should take that view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. If, when so viewed, reasonable men might reach different conclusions, the motion should be denied and the case tried on its merits."

In Arnstein v. Porter, 154 F. 2d 464, a motion for summary judgment was made based in part on a deposition of plaintiff taken by the defendant. The court held that "* * * as credibility is unavoidably involved, a genuine issue of material fact presents itself. With credibility a vital factor, plaintiff is entitled to a trial where the jury can observe the witnesses while testifying. * * * where as here, credibility, including that of the

defendant, is crucial, summary judgment becomes improper and a trial indispensable. * * * We do not believe that, in a case in which the decision must turn on the reliability of witnesses, the Supreme Court, by authorizing summary judgments, intended to permit a 'trial by affidavits' if either party objects." See, also, Colby v. Klune, 178 F. 2d 872; Batson v. Nichols, 258 Wis. 356, 46 N. W. 2d 192; Luria Steel & Trading Corp. v. Ford, 9 F. R. D. 479.

In Ford v. Luria Steel & Trading Corp., 192 F. 2d 880 (decided since our statute was enacted) it was held: "It has become settled law that a genuine issue as to a material fact cannot be tried and determined upon affidavits, and that it must conclusively be shown that there is no such issue in the case and that the moving party is entitled to judgment as a matter of law, before a summary judgment can lawfully be entered."

Plaintiff contends that there was presented a substantial issue of fact as to whether she knew that defendant was intoxicated when she began the trip from Bellevue to Omaha. Defendant contends that plaintiff cannot create a genuine issue of material fact so as to create a question for the jury by testifying first to one set of facts and subsequently to a directly contradictory set of facts in the same action and that the trial court correctly concluded that plaintiff could not recover because of contributory negligence and assumption of risk.

Defendant relies on Rahfeldt v. Swanson, 155 Neb. 482, 52 N. W. 2d 261, and the holding that "* * * courts are not required to permit a litigant to play fast and loose with the processes of the court by insisting at different times under oath on the truth of each of two or more contradictory versions according to the necessities of the particular occasion presenting itself." An examination of the cases there relied upon show a different factual situation than that present here. The situation here is governed by our decision in Kipf v. Bitner, 150

Neb. 155, 33 N. W. 2d 518, wherein we held: "An extra-judicial admission appearing in the deposition of a party taken before trial is not ordinarily final and con-clusive upon him, but it may be competent and ad-missible as evidence in contradiction and impeachment of his present claim and his other ·evidence given at the trial, to be given such weight as the trier of fact deems it entitled."

From defendant's view point, the statements in plain-tiff's deposition and her affidavits present a question of credibility, and involve an issue of fact which cannot be determined on a resisted motion for summary judgment.

Defendant argues here that the questions of negligence and assumption of risk frequently are jury questions, but that under the circumstances that exist in this case it becomes a question of law for the court. He offers, to sustain this contention, decisions of ours and other jur-isdictions where on motion for a directed verdict or after trial it has been determined·as a matter of law that re-covery cannot be had. Implicit in this contention is the proposition that there was an issue of fact to be tried and determined. Obviously a motion for summary judg-ment is not a substitute for a motion for a directed ver-dict or for error proceedings taken after full trial.

As stated by the above authorities the issue to be determined on a motion for summary judgment is whether there is a genuine issue as to any material fact, and not how that issue should be determined. Here there were genuine issues of material fact to be tried as to credibility, contributory negligence, and assumption of risk. When that situation exists a summary judgment is not authorized. How that issue should be determined upon a trial is not before us and not decided.

Defendant relies upon R. I. Recreation Center, Inc. v. Aetna Casualty & Surety Co., 177 F. 2d 603, 12 A. L. R. 2d 230, where on motion for summary judgment the court reviewed the facts and concluded that under the circumstances, should the evidence be submitted to the

jury, the trial court would have no alternative but to direct a verdict for the defendant and granted a summary judgment. In that case, after issues were made, the defendant took the depositions of plaintiff's manager and general manager and on the basis of the pleadings and depositions moved for a summary judgment. The plaintiff then filed a cross-motion for summary judgment on the same basis. The Court of Appeals on that situation took the "statements made in the depositions at face value" as "conceded evidentiary facts" which left "no genuine issue of material fact for trial * * *." Obviously that case is not controlling here.

The trial court erred in sustaining the motion for a summary judgment. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

WENKE, J., participating on briefs.