MICHAEL J. HEALY, APPELLANT, V. METROPOLITAN UTILITIES DISTRICT, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

62 N. W. 2d 543

Filed February 12, 1954. No. 33325.

*Pilcher & Haney*, for appellant.

*Kennedy, Holland, DeLacy & Svoboda, Wells, Martin & Lane, Finlayson, McKie & Kuhns, Swarr, May, Royce, Smith & Story, Eugene D. O'Sullivan*, and *Warren C. Schrempp*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This action was commenced by plaintiff as a resident taxpayer of the city of Omaha and a user of the gas and water facilities of the Metropolitan Utilities District of Omaha, for himself and all others similarly situated, for the benefit of such district, and against such district, its directors and their respective surety companies, and Dana Van Dusen, to recover for attorney's

fees paid to Van Dusen in excess of the maximum salary of $5,000 per year permitted by section 14-1020, R. S. 1943. A motion for a summary judgment of dismissal was sustained and the plaintiff appeals.

The petition sets forth an action by which the plaintiff seeks to recover back for the benefit of the Metropolitan Utilities District the salaries paid to Van Dusen in excess of the maximum limit fixed by statute, from September 16, 1939, to March 25, 1947. The directors of the district and their respective bonding companies are made parties defendant. The district is made a defendant for the reason that the action is brought in its behalf. A demurrer to the petition by Van Dusen was sustained and the cause dismissed as to him for the reason that the action as to him was barred by the statute of limitations. No appeal was taken from this action by the trial court and, consequently, Van Dusen is no longer a defendant.

Various motions were filed by the remaining defendants, including the motion for a summary judgment of dismissal. No answer has been filed by the defendants. The only question here presented is whether the trial court erred in sustaining the motion for a summary judgment of dismissal under the circumstances shown.

The petition alleges in substance that Van Dusen was employed as legal counsel for the district from September 16, 1939, to March 25, 1947, and thereafter, said contract being oral, as plaintiff is informed and believes. A separate cause of action is stated against each director for the time he occupied such office, and his surety or sureties for the payments made in excess of the statutory limit but not exceeding the amount of the bond.

The motion for a summary judgment sets forth the contention that there is no genuine issue of fact as shown by the supporting affidavit of Walter S. Byrne, the general manager and secretary of the district, in which he states that the agreements with Van Dusen were in writing, that Van Dusen was paid only $5,000 as legal counsel, and that additional payments made to him were

for his services as assistant to the general manager or as vice-general manager and assistant secretary. Resolutions and written contracts to this effect are incorporated verbatim into the affidavit. It is also asserted that the payroll records of the district show payment of compensation to Van Dusen in accordance with the official actions of the board of directors and the written contracts executed by the district and Van Dusen.

The motion for summary judgment was resisted by the plaintiff. In support of such resistance the affidavit of plaintiff was filed, wherein it was alleged that the actions of the board of directors and the contracts entered into were set up solely and wholly for the purpose of avoiding the statutory law of the state prohibiting a salary for legal counsel in excess of $5,000 per year, and thereby circumventing the meaning and legislative intent of the statute. The affidavit contains a recitation of the facts pertaining to the employment of Van Dusen and other legal counsel employed by the district, including the periods they were part-time and full-time attorneys for the district. The affidavit states that the district had a general manager and assistant manager other than Van Dusen, and that the designation of Van Dusen as assistant to the manager or vice-general manager and assistant secretary was for no other purpose than to evade, circumvent, and avoid the provisions of the statute relative to the employment of legal counsel by the district. The affidavit states that Van Dusen devoted all his time to legal matters, and that the proof is largely circumstantial and composed of admissions and inferences to be drawn from the direct evidence, the cumulative effect of which cannot be produced other than at a trial. It is further stated that to compel plaintiff to support his counter-affidavit with depositions would amount to oppression and operate to deprive plaintiff of evidence which lies wholly in the minds of the officers of the district.

The applicable part of the summary judgment stat-

ute provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." § 25-1332, R. S. Supp., 1953. It is plain that the movant in order to obtain a summary judgment must show, first, that there is no genuine issue as to any material fact in the case and, second, that he is entitled to a judgment as a matter of law. Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244; Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259; Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396. The second provision is met if movant would be entitled to a directed verdict on the basis of the undisputed facts if the case were being tried to a jury. Sartor v. Arkansas Natural Gas Corp., 321 U. S. 620, 64 S. Ct. 724, 88 L. Ed. 967. If the case is one tried to the court, it would seem that the same standard would apply if a motion for a summary judgment is made. "The purpose of the rule is to provide against the vexation and delay which comes from the formal trial of cases in which there is not substantial issue of fact, and to permit expeditious disposition of cases of that kind." Broderick Wood Products Co. v. United States, 195 F. 2d 433. But the purpose of the rule does not include the depriving of a litigant of a formal trial where there is a genuine issue of fact to be determined. Blood v. Fleming, 161 F. 2d 292. As a protection to the litigant against whom the motion is made, the court should take the view of the evidence most favorable to him and a stricter view of the affidavits and supporting evidence of the movant. Mecham v. Colby, 156 Neb. 386, 56 N. W. 2d 299.

Ordinarily the credibility of the witnesses who give evidence by affidavit or deposition does not seem to be material for the reason that, unless a genuine issue of fact is presented, credibility could play no part in the result. Unless there is a dispute of a material fact, no

reason exists for attacking their credibility. But if the party resisting a summary judgment intends to dispute facts by impeaching or otherwise attacking the credibility of the witnesses of the movant, indicating the basis for such attack, no doubt exists that there is an issue of fact which requires a trial. Firemen's Mut. Ins. Co. v. Aponaug Mfg. Co., 149 F. 2d 359. In cases involving fraud, intent, good faith, and the like, credibility often becomes a vital factor. Fogelson v. American Woolen Co., 170 F. 2d 660. The observance by the court or jury of witnesses while they are testifying in this class of cases may become so important as to constitute a disputed issue of fact. The crucial test of credibility is the valuable privilege of cross-examination. This is particularly true when the facts are peculiarly within the knowledge of the party moving for summary judgment. Hummel v. Riordon, 56 F. Supp. 983. Evidence of fraud or bad faith is often hidden within the minds of hostile witnesses and difficult of proof by affidavits or depositions in resisting summary judgment. The observation of witnesses by the trier of fact in such cases ought not to be readily denied, and summary judgment should be granted only when it is clear that a formal trial can accomplish no useful purpose.

We point out here that a motion for a summary judgment was not intended to be, and is not, a substitute for a motion to dismiss, a demurrer, or a motion for a judgment on the pleadings. In this respect we differ with the practice in the federal courts. There a petition need not state a cause of action and the demurrer no longer is recognized. But in this jurisdiction a petition must state a cause of action or it may be properly attacked by demurrer. The retention of this practice at the time of the adoption of the summary judgment act requires us to take a somewhat different view of the act than that taken by the federal courts. It necessarily follows that some of the federal cases are not authoritative where differences in practice exist. In other words, where

a defense is strictly a legal one, summary judgment may not be substituted for a motion to dismiss, a demurrer, or a motion for a judgment on the pleadings. The summary judgment procedure is effective and serves a useful purpose only when it can be used to pierce allegations in the pleadings and to show that the facts are otherwise than as alleged, that there is no genuine issue of fact, and that movant is entitled to a judgment as a matter of law. Engl v. Aetna Life Ins. Co., 139 F. 2d 469. This simply means that summary judgment will be allowed where the allegations of the pleading have been pierced by the movant and the resistance to the motion fails to show that a genuine issue of fact exists. Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344. In the final analysis a summary judgment should be allowed when it is made abundantly clear that a formal trial could serve no useful purpose and could only result in a judgment as a matter of law. Hanna v. Mitchell, 202 App. Div. 504, 196 N. Y. S. 43, affirmed in 235 N. Y. 534, 139 N. E. 724. In the latter case it was stated: "It is not the object of this rule to deprive anyone who has a right to a jury trial of an issue of fact, but to require a defendant, when it is claimed that in fact he has no honest defense and no bona fide issue, to show that he has at least an arguable defense, that he has not merely taken advantage of a technicality in the form of pleading for the purpose of delaying the enforcement of an honest claim to which in fact he has no colorable defense. The court does not try the issues but ascertains whether in fact there is an issue. * * * To say that a false denial, which defendants are unable to justify, must nevertheless put the plaintiff to his common-law proof before a jury, although the result would be a directed verdict in plaintiff's favor as a matter of law, is to exalt the shadow above the substance."

The salary statute involved in the present case provides in part: "The board of directors may also retain and employ legal counsel and provide the compensation

thereof as in the case of other employees, but no salary or fee shall be paid in excess of five thousand dollars per annum to any attorney or counsel for services rendered." § 14-1020, R. S. 1943. The petition alleges that the district entered into agreements believed to be oral by which Van Dusen received amounts as legal counsel in excess of $5,000 per year. The defendants moved for summary judgment and showed by affidavit and otherwise that the contracts were written and that, in accordance with such contracts, Van Dusen was paid only $5,000 per year as legal counsel and that other amounts were paid to him in other capacities under the terms of other agreement provisions. In resisting the motion plaintiff asserts that the written agreements were a sham to circumvent the statute, that Van Dusen devoted his whole time as legal counsel, and that the evidence with reference thereto is wholly within the possession of the defendants and can be obtained only by cross-examination of certain defendants and officers of the district. The affidavit in resistance to the motion also points to an admission of the general manager of the district that Van Dusen spent substantially all of his time on legal matters and matters incidental thereto. This amply shows that a genuine issue of fact exists which can be determined only by a trial.

The defendants at the hearing on the motion for summary judgment offered extensive evidence tending to establish the truth of the assertions contained in the affidavit in support of the motion. This is a complete misconception of the summary judgment procedure. When the allegations of the petition had been pierced in an attempt to show that no genuine issue of fact existed, it devolved upon the plaintiff to show by a supporting affidavit or other evidence authorized by the statute that a material issue of fact did exist. Having done so, the right to summary judgment was dissipated. When a genuine issue of fact is shown to exist, additional proof

is surplusage. The case is then for trial as if summary judgment had not been applied for.

The depositions and admissions on file, together with the affidavits, show that there was a genuine issue of fact to be tried, and that defendants are not entitled to a judgment as a matter of law.

The defendants assert additional reasons why a summary judgment should be granted. (1) It is urged that no proper demand was made on the district as a condition precedent to a derivative action. (2) It is urged also that plaintiff failed to show any special or peculiar injury to himself and that he is not therefore a proper person to maintain the action. (3) It is likewise asserted that it is not shown that the defendant directors were actuated by mercenary motives beneficial to themselves, and where the services have been performed and paid for and recovery from the employee receiving them is barred by the statute of limitations, a court of equity will not entertain a derivative action on behalf of the corporation. Some of the defendants assert further that (4) the petition does not state a cause of action, (5) that the action was barred by the statute of limitations, and (6) that the several causes of action were improperly joined. All of these contentions can be disposed of by procedures in existence prior, as well as subsequent, to the adoption of the summary judgment act. The latter act provides a new procedure in proper cases, but it does not supersede existing provisions of our code of civil procedure. Where the provisions of the code are adequate, summary judgment is not a proper remedy. It is only where false allegations may be pierced and the real facts shown upon which there is no genuine issue to be determined, entitling the movant to judgment as a matter of law, that summary judgment may be employed to prevent vexatious delay and permit the expeditious disposition of cases.

For the reasons stated, the trial court erred in sustaining defendants' motion for a summary judgment.

The judgment is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.