WILLIAM F. YOUNGS, APPELLANT, V. ARTHUR L. WAGNER
ET AL., APPELLEES.

111 N. W. 2d 629

Filed November 17, 1961. No. 35047.

*Wright & Simmons* and *James R. Hancock*, for appellant.

*Holtorf, Hansen & Fitzke* and *Alfred J. Kortum*, for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is an action by a guest passenger against his host driver and the father of the host driver to recover damages for injuries sustained in a one-car accident. The defendants, Arthur L. Wagner and Alvin Wagner, moved for a summary judgment pursuant to sections 25-1330 to 25-1336, R. R. S. 1943. The trial court found generally for the defendants and against the plaintiff, and sustained the defendants' motion for a summary

judgment. The plaintiff filed a motion for new trial which was overruled. The plaintiff appealed.

The plaintiff's petition alleged that on November 22, 1957, the defendant, Alvin Wagner, was the owner of a 1952 Chevrolet sedan which was kept for the use, pleasure, and benefit of his family including his minor son Arthur L. Wagner, hereinafter referred to as the defendant. The petition further alleged that on said day the defendant was using and operating the automobile with the permission and consent of the owner; that about 11:30 p.m., the plaintiff was riding as a guest in said automobile; that the defendant was driving the automobile east on State Highway No. 86 in Scotts Bluff County at a speed of approximately 60 miles an hour; that State Highway No. 29 in Scotts Bluff County intersects State Highway No. 86 from the north at a point approximately 5 miles south of Mitchell; that as the defendant approached said intersection he did not reduce the speed of the automobile but recklessly and negligently attempted to turn his automobile to the north onto State Highway No. 29; that the speed at which the automobile was being driven was too great to permit such a turn to be made, and when the plaintiff observed that the defendant was attempting to turn onto State Highway No. 29 he protested and advised the defendant not to turn but to continue on east, but the defendant carelessly and negligently drove the automobile into the borrow pit on the east side of State Highway No. 29, thereby causing the automobile to overturn; and that due to the gross negligence of the defendant, the plaintiff received personal injuries and was entitled to damages.

The defendant's answer denied all allegations of the plaintiff's petition not admitted, and alleged that the plaintiff, on or about November 22, 1957, was a guest in the automobile driven by the defendant; that on or about that date the defendant had been repairing his automobile at the garage where both he and the plaintiff

were employed; that the defendant asked the plaintiff if he wished to go for a ride; that the plaintiff did go for a ride; that the plaintiff failed to protest against any of the acts of the defendant as to the operation of the automobile; and that if the defendant was in any way negligent in the operation of the automobile, which negligence was denied, any negligence that could be attributed to the defendant was less than gross. The prayer was that the plaintiff's petition be dismissed.

There are certain well-established rules relating to summary judgments as follows.

The issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined. Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244.

In considering a motion for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed. Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259.

The burden is upon the party moving for summary judgment to show that no issue of fact exists, and unless he can conclusively do so the motion must be overruled. Dennis v. Berens, *supra*.

In order to obtain a summary judgment the movant must show, first, that there is no genuine issue as to any material fact in the case and, second, that he is entitled to a judgment as a matter of law. Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543; Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290.

Summary judgment is effective and serves a separate useful purpose when it can be used to pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than as alleged. Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643.

The record contains a deposition of the plaintiff. He testified to the effect that he was riding in an automobile being driven by the defendant on November 22,

1957; that the accident happened about 11 p.m., at the intersection of State Highways Nos. 86 and 29, 4 miles south of Mitchell at the corner on top of a hill called Hubbard Hill; that the automobile was going east and started to turn the corner to the north; that going up the hill just before turning the corner he observed the defendant was going too fast; that he was sitting in the middle of the front seat and looked at the speedometer and the defendant was driving around 60 miles an hour at the time; that before the defendant attempted to turn the corner, this witness told him not to try to go around the corner; that he did not think the defendant was going to make the corner; and that the defendant did not apply the brakes. He further testified that the last thing he remembered was that they hit the highway sign off the edge of the road which would be 20 or 30 feet from the north edge of the east-west road; that both roads were black-topped; that the condition of the roads that night was good; that visibility was good; that there were no other automobiles around at that time; and that when they went off the road the automobile turned over on its side, then on its top, and skidded into an irrigation lateral causing the plaintiff injuries. This witness further testified that they drove to Morrill, south from Morrill to the Lyman highway directly west of where the accident happened, and then to the corner where the accident happened. The defendant drove within the speed limit all the time, that is, within the 55 mile an hour nighttime speed limit. The defendant drove at that rate of speed until within the last 3 or 4 miles before coming to the corner when he increased the speed a little to get a better road check. This witness further testified that he did not complain about the defendant's driving other than just before the defendant turned the corner.

Oreval Helling, by affidavit, stated he was riding on the right side of the front seat, the plaintiff in the middle, and the defendant driving. His affidavit stated

the route which was taken, and that he believed the defendant could have turned the corner all right except that the road narrowed suddenly toward the north and the defendant turned too wide; that he did not know the speed the defendant was driving at the time of the accident but he did not believe that the defendant was exceeding the speed limit; that at no time during the drive from Mitchell until the time the accident happened did he say a word about the defendant's driving, nor did the plaintiff do so during the trip; that the accident happened when the defendant, driving east on the highway from the west, turned north onto the highway to go north to Mitchell and did not turn sharp enough to keep the right wheels off of the east shoulder, and the car went into the ditch on the east side of the north-south road north of the corner and upset; and that at no time during the trip did the defendant exceed the speed limit.

The defendant, by affidavit, stated that he was the driver of the automobile involved in the accident which occurred at about 11 p.m., on November 22, 1957; that the accident happened at the intersection of State Highways Nos. 86 and 29, about 5 miles south of Mitchell, in Scotts Bluff County; that at the time of the accident the plaintiff was a guest passenger riding in the middle of the front seat and Oreval Helling was riding on the right side of the front seat; that he had been driving just under the speed limit, but slowed to 30 or 35 miles an hour and turned north at the intersection; that as he turned north the right wheel went off of the pavement and the car turned over on its top in the east borrow pit about 10 feet east of the east shoulder of the road; that somewhere around 10 p.m., they started to take a drive to test out the automobile to be sure everything was functioning correctly; that he asked the plaintiff to ride along with him and also asked Oreval Helling; that during the ride neither the plaintiff nor Helling at any time complained about his driving prior

to the accident; and that at the time he was turning the corner and at the time the right wheel hit the shoulder and the wheel was caught by soft shoulder or loose dirt or whatever it was that caused the automobile to upset, neither the plaintiff nor Helling said anything about his driving or asked him to stop the automobile or to reduce its speed.

There is a conflict in the evidence as to the speed and as to the warning which could relate to gross negligence.

We find that there is a genuine issue as to a material fact as shown by the evidence.

For the reasons given herein, the motion for summary judgment should not have been sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.