SARAH ANN PIPER, EXECUTRIX OF THE ESTATE OF RAY C.
PIPER, ALSO KNOWN AS RAY PIPER, DECEASED, APPELLANT,
v. MORRIS HILL, APPELLEE.

177 N. W. 2d 509

Filed May 22, 1970. No. 37490.

Mingus & Mingus, Luebs, Tracy, Huebner & Dowding, and James A. Beltzer, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In this wrongful death action, arising out of an accident when the defendant's car struck the deceased, the plaintiff widow's petition was dismissed by the district

court on motion for summary judgment. We reverse the judgment and remand the cause to the district court for trial on the merits.

The decedent owned two cars at the time of his death, one of which was for the use of his grandson; the other was used by the deceased and his wife. The grandson's car, because of electrical failure the night of November 24, 1967, was stalled on a graveled country road. The next day decedent and his grandson went to where the stalled car was located to recover the vehicle. With a chain they started to tow it home.

The towed car struck some loose gravel and whipped. The lead car was thrown into the west ditch of graveled State Highway No. 58, while traveling in a northwesterly direction. The towed car was left crosswise in the middle of the graveled highway. The decedent and his grandson with others proceeded to push the stalled auto onto the west shoulder in order to clear the road and remove the road block.

A nearby farmer with his tractor pulled the lead car out of the ditch and it was discovered that the lead car had a flat tire. After repairing the tire the lead car was then driven in front of the towed car, and the chain again attached. By this time it was late dusk, approximately 6 p.m. on November 25, 1967. The headlights of the lead car were turned on and left on. The decedent and his grandson were making final preparations before resuming the towing operation. They observed the defendant's car traveling from the northwest, heading southeast, towards them. As the defendant's car approached the parked vehicles, the deceased jumped into the west ditch from between the two cars.

From this point on the conflicting versions of what happened appear both in the record and in the conflicting contentions of both counsel on the facts in the briefs. There is evidence that as the defendant's car approached the parked vehicles, that the defendant, being of the opinion that the decedent's auto was moving in the

wrong lane of traffic, proceeded to move onto the west side of the road, and when within only 50 feet or 75 feet of the parked vehicles, he realized that the lead vehicle was stationary. In any event, the defendant swerved his automobile to avoid colliding with the stationary vehicles, and, without applying his brakes, lost control and went into the west ditch where he struck the decedent, who had jumped from between the cars into the west ditch to avoid the accident. There were no flares or warning devices placed in front of the decedent's and grandson's cars, but the defendant also testified that he had a clear view of the two cars for approximately 300 yards prior to impact. He did not apply his brakes at any time prior to the impact. There is also testimony as to the defendant being blinded by the headlights on the decedent's car at a distance of some 200 to 300 yards. The defendant estimated his speed at 50 miles per hour, and the decedent's grandson estimated the speed at between 60 and 65 miles per hour. The detailed testimony as to distances, road width, visibility, and the actions of the parties at or near the actual point of impact will not be repeated here. Further exploration as to these details may easily color the inferences to be drawn from all of the circumstances. Suffice it to say conflicting versions of the facts themselves, as recited by counsel in their briefs, reveal, based upon the background testimony given here, a typical conflict of facts and inferences that can be drawn therefrom that must be resolved by a jury.

The issue to be tried on motion for summary judgment is whether there is any genuine issue of material fact, and not how that issue should be decided. Youngs v. Wagner, 172 Neb. 735, 111 N. W. 2d 629; Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244; § 25-1332, R. R. S. 1943. In considering a motion for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed. Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259; Miller v.

Aitken, 160 Neb. 97, 69 N. W. 2d 290. In a summary judgment proceeding, the burden is upon the movant to show that no genuine issue of facts exists, and the purpose of a summary judgment is not to serve as a substitute for trial, but is only a proper remedy when the movant is entitled to judgment as a matter of law. Berg v. Rasmuss, 176 Neb. 340, 125 N. W. 2d 905.

It appears that it was absolutely necessary for the district court to have found either that the defendant was not guilty of any negligence as a matter of law, or that the decedent was guilty of contributory negligence as a matter of law. Our basic speed law is what is reasonable and prudent under the circumstances. § 39-7,108, R. R. S. 1943. This court can not determine that the defendant was not negligent as a matter of law in light of his own testimony that he had a clear view of the deceased's car for approximately 300 yards prior to the time of the impact and he did not apply his brakes at any time prior to the impact. This evidence alone is sufficient to frame a jury question as to whether the defendant kept a proper lookout under the visibility conditions present, was traveling at reasonable and prudent speed, and had reasonable control of his automobile under all of the circumstances.

A more serious and apparently the main issue upon which the trial court decided this case was whether the decedent was guilty of contributory negligence as a matter of law.

The substance of the defendant's argument is that our statute on parking or leaving standing any vehicle on the improved or maintained traveled portion of a highway (section 39-757, R. R. S. 1943) applies and it is argued that it is conclusively established that the decedent was violating this statute. This same statute, of course, specifically exempts a disabled vehicle. But, even if it did not, in Nebraska the violation of a statute is not negligence per se but is evidence for the jury to consider in the determination of the ultimate issue of

negligence or contributory negligence. Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612. The mere stalling of a motor vehicle temporarily on a highway caused by some disablement, does not ipso facto constitute negligence as a matter of law but the failure to remove the stalled vehicle within a reasonable time may constitute negligence. Plumb v. Burnham, *supra*. It seems quite clear that the actions of the decedent and his grandson in towing the vehicle, in creating the situation that existed at the time of the impact, together with the decedent's sudden jumping into the ditch to the west, as opposed to the defendant's version of the situation, form a typical fact and inference clash to be resolved by a jury. In the present state of the record a jury could reasonably find either way upon the issue of contributory negligence.

We further point out that the location of decedent's vehicle, its relation to the highway's edge, the width of the traveled portion of the highway, and the question of the sufficiency of the room on the highway to the east for the defendant to pass safely are all matters from which this court can not determine negligence as a matter of law under the conflicting inferences that can be drawn from the present status of the record. Any reasonable doubt touching the existence of a genuine issue of material fact must be resolved against the moving party. Storz Brewing Co. v. Kuester, 178 Neb. 135, 132 N. W. 2d 341, 21 A. L. R. 3d 476.

The judgment of the district court dismissing the action on motion for summary judgment is reversed and the cause remanded for a trial on the merits.

REVERSED AND REMANDED WITH DIRECTIONS.