LOWELL A. JONES, APPELLANT, V. ELMER BROCKMAN, APPELLEE.

205 N. W. 2d 657

Filed March 30, 1973. No. 38612.

Richard L. Huber, for appellant.

Deutsch & Hagen and Thomas H. DeLay, for appellee.

Wiems & Mankin, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an appeal from the sustaining of a summary judgment in a damage action for malicious prosecution. We affirm.

Defendant, Elmer Brockman, was the superintendent of the weed control authority of Garfield and Valley

counties, and a deputy sheriff of Valley county. Brockman had sent a letter by certified mail to plaintiff, Lowell A. Jones, requesting him to spray various noxious weeds. The letter was refused.

On July 19, 1969, Brockman, accompanied by the chairman of the weed board, drove to Jones' farm for the purpose of serving a notice on him personally. They met Jones on the road heading for town. They drove back to Ord where they met Jones on the street. Brockman then attempted to serve the notice.

Brockman's version of what happened is that he handed the notice to Jones and Jones slapped it out of his hand. Jones then swung at his head and at his stomach, and starting cussing. Jones' version of the incident differs. He testified Brockman tried to jam the notice into his pocket. He denies that he ever struck at Brockman. His version is that he only attempted to keep Brockman from jamming the notice in his pocket. He did this by putting his hands down and stopping the notice from going into his pocket. He denies that he ever saw the paper until the hearing in court.

The complaint was titled "Resisting an Officer Sec. 28-729.01." It alleges that Lowell A. Jones, on the 19th day of July 1969, in the County of Valley, in the State of Nebraska, did "unlawfully and wilfully assault, resist, abuse, strike, and threaten to do bodily harm to the said Elmer Brockman, special deputy sheriff of Valley County, Nebraska, while said officer was in the lawful performance of his duties as police officer, then and there being within the limits of the City of Ord, Valley County, Nebraska, and in the proper execution of his office; said Lowell A. Jones knowing said Elmer Brockman to be special deputy sheriff and weed superintendent of Valley County, Nebraska * * *." The complaint, which was signed by Brockman, was prepared by the county attorney of Valley county. The warrant issued on the complaint also carried the title, "Resisting an Officer Sec. 28-729.01."

While it is apparent section 28-729.01, R. S. Supp., 1969, describes a felony and the county judge would serve only as a magistrate, the offense was tried to a jury in the county court as a misdemeanor. Section 28-729, R. R. S. 1943, is the misdemeanor statute covering the offense. It is a lesser included offense and within the jurisdiction of the county court. No question is raised on this point, so we assume the intention was to prosecute the misdemeanor.

The defendant filed a motion for summary judgment. The trial court found there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. We assume the trial judge predicated his ruling on the premise that the facts and circumstances established by uncontradicated evidence were sufficient to establish probable cause for the criminal prosecution. The existence or lack of probable cause is the very gist of an action for malicious prosecution. The question to be decided is whether there is sufficient uncontradicted evidence to show the existence of probable cause at the time the complaint was filed.

In Kersenbrock v. Security State Bank (1931), 120 Neb. 561, 234 N. W. 419, this court said: " 'Whether facts and circumstances established by uncontradicted evidence amount to probable cause for a criminal prosecution is a question of law for the court, and not an issue of fact for the jury. This is not only the law of Nebraska, but is a generally accepted rule.' "

While some of the facts supporting probable cause were disputed by the plaintiff's testimony, yet there were others undisputed upon which the defense of probable cause might be predicated. In such circumstances the question of probable cause is one of law for the court. See Bronnenkant v. Kucera (1942), 141 Neb. 408, 3 N. W. 2d 913.

Paraphrasing the language of Commissioner Pound in Bechel v. Pacific Express Co. (1902), 65 Neb. 826,

91 N. W. 853, the question is whether a reasonable man in defendant's position, in light of the facts and circumstances as they existed, had probable cause to believe that plaintiff was resisting arrest. While the issue is a very close one, we cannot say that the trial judge was wrong in sustaining the motion for summary judgment.

AFFIRMED.

CLINTON, J., concurs in the result.

McCOWN, J., dissenting.

The majority opinion treats the evidence in this case as though it were uncontradicted to an extent necessary to establish the guilt of the plaintiff of the crime for which he was tried and acquitted, and therefore as establishing probable cause for his prosecution as a matter of law. There were disputed issues of material fact which might or might not be controlling, both on the issue of probable cause and on the issue of malice. The testimony of the plaintiff and the defendant as to what occurred on the occasion out of which the criminal prosecution arose is almost diametrically opposed. It is only when there is sufficient undisputed evidence to show probable cause that the trial court should direct a verdict for the defendant in an action for malicious prosecution. See Annotation, 87 A. L. R. 2d 183.

On a motion for summary judgment, the question is whether there is any genuine issue of material fact and not how that issue should be decided. In considering a motion for summary judgment, the court should view the evidence in the light most favorable to the party against whom it is directed. Piper v. Hill, 185 Neb. 568, 177 N. W. 2d 509.

This court has repeatedly stated that summary judgment is an extreme remedy. It should only be awarded when the issue is clear beyond all doubt. Any reasonable doubt touching the existence of a genuine issue of material fact must be resolved against the moving

party. Hollamon v. Eagle Raceway, Inc., 187 Neb. 221, 188 N. W. 2d 710.

There are substantial and genuine issues of material fact here and the motion for summary judgment should have been denied.

NEWTON, J., joins in this dissent.