EDGAR NINE, APPELLEE, v. INEZ LURZ ET AL., APPELLANTS.

216 N. W. 2d 744

Filed April 4, 1974. No. 39257.

Michael V. Smith for Smith & King, for appellants.

Nelson, Harding, Marchetti, Leonard & Tate, Alan L. Plessman, and John C. Coupland, for appellee. .

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

FLORY, District Judge.

This is an action by the plaintiff, Edgar Nine, against the defendants, Inez Lurz and LeRoy Lurz, to set aside a deed from Inez and her husband Eustach to LeRoy as a conveyance in fraud of creditors. The trial court sustained plaintiff's motion for summary judgment. Defendants appeal.

It is undisputed: On December 10, 1967, Inez and her husband Eustach executed a note and mortgage to the plaintiff for $6,806.96 to purchase a home from plaintiff. On November 25, 1969, Inez and Eustach deeded a half section in Cherry County, Nebraska, to LeRoy, their son, without consideration. LeRoy was one of 11 children. On December 10, 1969, plaintiff commenced a foreclosure action on the note and mortgage and after a decree on March 2, 1970, purchased the house at the foreclosure sale for $500. Eustach died June 10, 1971. On October 27, 1971, plaintiff recovered a deficiency judgment against Inez for $6,983.17. This action was commenced on November 11, 1971. On hearing plaintiff's motion for summary judgment the trial court had before it in evidence the court files of the foreclosure and deficiency judgment actions, the pleadings in this case, and depositions of Inez and LeRoy all offered by

the plaintiff. Defendants offered no evidence.

Section 36-406, R. R. S. 1943, provides: "The question of fraudulent intent in all cases arising under the provisions of sections 36-401 to 36-409 shall be deemed a question of fact, and not of law, and no conveyance or charge shall be adjudged fraudulent, as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration."

Defendants concede that a conveyance between close relatives without consideration is presumed to be fraudulent as to existing creditors and that the burden of overcoming the presumption falls on them. Plaintiff appears to contend that the presumption is conclusive.

Section 25-1332, R. R. S. 1943, provides that a summary judgment shall be rendered if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In this case the sole material fact in issue is that of fraudulent intent.

Piper v. Hill, 185 Neb. 568, 177 N. W. 2d 509, holds: "The issue to be tried on a motion for summary judgment is whether there is any genuine issue of material fact, and not how that issue should be decided. * * *

"In considering a motion for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed. * * *

"In a summary judgment proceeding, the burden is upon the movant to show that no genuine issue of fact exists, and the purpose of a summary judgment is not to serve as a substitute for trial, but is only a proper remedy when the movant is entitled to judgment as a matter of law."

In this case there was no direct evidence before the trial court of fraudulent intent. Only the presumption from the admitted facts was present. From the testi-

mony of the defendants, and the inference that could reasonably be drawn therefrom in the depositions, a finder of fact could determine that the conveyance to LeRoy was a testamentary plan to keep the land in one unit and avoid the difficulties of dividing it between all 11 children.

By the presence of a genuine issue as to a material fact the defendants are entitled to a trial and are not required to try the issue on a motion for summary judgment.

The judgment of the trial court sustaining the motion for summary judgment is reversed and the cause remanded for trial on the merits.

REVERSED AND REMANDED.