GEORGE P. ROSE, APPELLEE, v. JOHN S. REINHART ET AL., APPELLANTS.

233 N. W. 2d 302

Filed September 25, 1975. No. 39674.

William J. Brennan, Jr., and C. L. Robinson of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellants.

Daniel G. Dolan of Lathrop, Albracht & Dolan, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

STUART, District Judge.

The plaintiff, George P. Rose, brought suit against the defendants and others to recover damages for malicious prosecution. The case was submitted to a jury, which returned a verdict for the plaintiff against defendants, John S. Reinhart and the First National Bank of Bellevue, in the amount of $28,000. Upon the overruling of their motion for judgment notwithstanding the verdict, the defendants perfected an appeal to this court.

Although there was considerable disputed evidence, uncontested evidence showing probable cause was that on July 28, 1969, the plaintiff issued a check, hereinafter called "the check," to one Tony Martinez drawn on the Center Bank of Omaha, Nebraska, in the amount of $215.50. The check was cashed by Martinez at the banking house of defendant First National Bank of Bellevue and was processed in ordinary banking channels, and payment was refused by the Center Bank on August 1, 1969. Notice of such refusal was sent to the plaintiff. In addition plaintiff admitted he received an oral notice from the Center Bank of such nonpayment on August 5, 1969. The check was returned to the First National Bank of Bellevue on August 5, 1969, marked "Insufficient Funds." The First National Bank of Bellevue again forwarded the check to the Center Bank through normal banking channels, where payment was refused the second time on August 8, 1969, and plaintiff was again sent written notice of such nonpayment. The check was returned the second time to the First Na-

tional Bank of Bellevue on August 12, 1969. The check was then brought to the attention of the defendant John S. Reinhart, the president of defendant First National Bank of Bellevue, who verbally called plaintiff's attention to its nonpayment. The check was then sent directly to the Center Bank and was held there for 30 days on a collection basis until on September 24, 1969, it was again returned unpaid to the First National Bank of Bellevue. On October 8, 1969, defendant John S. Reinhart instructed a bank employee to file a criminal complaint against the plaintiff, charging him with uttering an insufficient fund check with intent to defraud, knowing at the time of such uttering that he had not sufficient funds in or credit with such bank for the payment of such check in full upon its presentation. Such complaint was filed in Sarpy County, a warrant was issued, and the plaintiff was arrested. This criminal case was later dismissed based on lack of venue in that the check was delivered to Tony Martinez in Douglas County rather than in Sarpy County.

Plaintiff testified he thought there were about 20 other checks that were presented to the Center Bank during August and September of 1969 which did not clear his account in that bank. He testified these checks were smaller checks in the amount of $150 to $200 and totaled in the vicinity of $700 to $800. The records of the Center Bank show that during July payment was refused on 16 checks drawn by plaintiff because of insufficient funds, and in August payment was similarly refused on 23 checks.

During all this time plaintiff also had a checking account in the First National Bank of Bellevue, had money borrowed from it, and because of this loan, plaintiff had some conferences with defendant John S. Reinhart. At this time Reinhart was aware of four of these checks written by plaintiff on the Center Bank upon which payment had been refused in addition to the check.

It is unnecessary to further summarize the evidence other than to note that there was evidence from which a jury could conclude that the prosecution of plaintiff was brought with malice and may have been brought as a result of other transactions between the parties both within and without normal banking business.

"The existence or lack of probable cause is the very gist of an action for malicious prosecution. The question to be decided is whether there is sufficient uncontradicted evidence to show the existence of probable cause at the time the complaint was filed." Jones v. Brockman, 190 Neb. 15, 205 N. W. 2d 657.

"Probable cause is a reasonable ground of suspicion, supported by facts and circumstances of such a nature as to justify a cautious and prudent person in believing that the accused was guilty." Diers v. Mallon, 46 Neb. 121, 64 N. W. 722. See, also, Brumbaugh v. Frontier Refining Co., 173 Neb. 375, 113 N. W. 2d 497.

" 'Want of probable cause for instituting proceedings is an essential and indispensable element of an action for the malicious prosecution of either a civil or a criminal action, no matter what the results thereof; in fact, want of probable cause for the prosecution of the original proceeding by defendant has been described as the gist of the action. The very foundation of the action is that the previous legal proceeding was resorted to or was pursued causelessly.

" 'Where it appears that there was probable cause to institute the original proceeding, such fact constitutes a complete and absolute defense or bar to an action of malicious prosecution, irrespective of the motive in instituting the prosecution, or of a conspiracy.' This is the rule throughout the United States." Brumbaugh v. Frontier Refining Co., *supra,* quoting 54 C. J. S., Malicious Prosecution, § 18, p. 970.

In the Brumbaugh case we quoted with approval Bronnenkant v. Kucera, 141 Neb. 408, 3 N. W. 2d 913, as follows: " 'In a malicious prosecution case, the nec-

essary elements for the plaintiff to establish are: * * * (4) the absence of probable cause for such proceeding. * * * If any one of these elements is lacking, the result is fatal to the action.' Kersenbrock v. Security State Bank, 120 Neb. 561, 234 N. W. 419. 'Want of probable cause is an indispensable element of an action for malicious prosecution.' Clausen v. Omaha Loan & Bldg. Ass'n, 131 Neb. 666, 269 N. W. 517."

In this case we hold that the question of probable cause is one of law for the court. "It can not matter that some or many of the facts bearing on the issue as to probable cause are in dispute, if there are still enough established and undisputed to determine the question in point of law." Bechel v. Pacific Express Co., 65 Neb. 826, 91 N. W. 853. See, also, Brumbaugh v. Frontier Refining Co., *supra.*

"If a motion for directed verdict made at the close of the evidence in a case should have been sustained for want of evidence to support a verdict in favor of the party against whom made, it is the duty of the court on motion for judgment notwithstanding the verdict timely made to sustain such motion to set aside the verdict and to render judgment pursuant to the motion for a directed verdict." Brumbaugh v. Frontier Refining Co., *supra.*

The facts show that the plaintiff was making a practice of issuing checks upon a bank account in which there were insufficient funds to pay the checks in full upon their presentation and that the defendants were aware of such practice. This is probable cause as a matter of law and therefore the judgment must be reversed and the cause remanded with directions to sustain the defendant's motion for judgment notwithstanding the verdict and to dismiss the plaintiff's cause of action.

In view of this conclusion, it is unnecessary to discuss the other errors assigned by the defendants.

REVERSED AND REMANDED WITH DIRECTIONS.