RAYMOND LEISY, APPELLANT AND CROSS-APPELLEE, V. LISCO STATE BANK, A BANKING CORPORATION, APPELLEE, TRACY MYERS, APPELLEE AND CROSS-APPELLANT.

395 N.W.2d 517

Filed October 24, 1986. No. 85-376.

Alan Curtiss of Curtiss, Moravek, Danehey & Curtiss, P.C., for appellant.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee Lisco State Bank.

Randall L. Lippstreu of Harris & Lippstreu, for appellee Myers.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This appeal arises out of an action brought in the district court for Garden County by the appellant, Raymond Leisy (Leisy). The action was brought against the Lisco State Bank (Bank) and Tracy Myers (Myers) on March 3, 1983, for conversion of Leisy's calves, which Leisy claimed were his share of a cow-calf operation with Myers. Myers denied liability to Leisy and filed a cross-petition against Leisy for malicious prosecution, alleging that all debts which Myers owed to Leisy had been previously discharged by the U.S. Bankruptcy Court and that Leisy, when he filed this action, was aware that Myers' debt to Leisy had been discharged.

Myers filed a motion for summary judgment in his favor on Leisy's petition. This motion was granted by the court, upon a finding that the debt owed by Myers to Leisy had been discharged in bankruptcy. The case was tried to the court without a jury on Leisy's petition against the Bank and on Myers' cross-petition against Leisy. The court found in favor of the Bank on Leisy's petition and found in favor of Leisy on Myers' cross-petition. Leisy filed a motion for new trial on the judgment entered against Leisy on his petition against the Bank, and Myers filed a motion for new trial on the judgment in favor of Leisy on Myers' cross-petition. Each motion for new trial was overruled. Leisy timely filed his notice of appeal to this court.

In his brief filed on his appeal, Leisy did not set out any assignments of error. In the brief of the appellee Bank, Leisy's omission is specifically pointed out, and the Bank directs our attention to Neb. Rev. Stat. § 25-1919 (Reissue 1985) and Neb. Ct. R. of Prac. 9D(1)d(rev. 1986), both of which are set out and discussed in *State v. Eckstein, ante* p. 943, 395 N.W.2d 515 (1986).

After the appellant's failure to comply with the statute and the court's procedural rules was called to the attention of appellant, he filed a motion, which was granted by this court, to file a supplement to his brief for the purpose of setting out his assignments of error. Our cases have indicated that even if appellant does not assign any errors, this court examines the proceedings for plain error. See, *Baggett v. City of Omaha*, 220

Neb. 805, 373 N.W.2d 391 (1985); *Farmers Co-op Grain Co. v. Leuenberger*, 217 Neb. 288, 348 N.W.2d 135 (1984). Leisy was permitted to so supplement his brief in order that the court might get some aid in determining if there was any plain error disclosed in the 536-page bill of exceptions or the 93-page transcript. The supplemental brief was of no aid, since the single assignment of error finally presented was that the evidence did not support the verdict. Our examination of the record does not disclose any plain error in connection with Leisy's appeal.

When a case is presented to this court for review, and a controlling defect in appellant's procedure is pointed out to us by appellee, it would be the height of inconsistency to allow appellant "to mend his hold" and thus circumvent the statute and our rules which have been applied to other litigants. To do so would reward appellant's carelessness and punish appellee's knowledge of the statute and the rules. Therefore, as set out in *Farmers Co-op Grain Co. v. Leuenberger, supra*, and in *Baggett v. City of Omaha, supra*, Leisy's appeal presented no error for review by this court. In the absence of error presented for review, we affirm the judgment of the district court as to Leisy's cause of action against the Bank.

A different situation is presented as to Myers' cross-appeal against Leisy. Since Leisy's notice of appeal was timely filed, the court obtained jurisdiction. Myers' brief presented the issue on cross-appeal. See Neb. Ct. R. of Prac. 9D(2)c (rev. 1986).

On his cross-appeal Myers assigns as error the action of the trial court in determining that Myers had not proved all the material elements of malicious prosecution, specifically the element of malice on the part of Leisy.

After the conclusion of all the evidence, the trial court, sitting without a jury, found in favor of Leisy and dismissed the petition of Myers for malicious prosecution. The court found that all the elements of malicious prosecution were proved by Myers in his action against Leisy except that Myers did not prove "the elements of absence of probable cause or presence of malice and the Court finds specifically, with reference to the element of malice, that such was not present."

In *Rose v. Reinhart*, 194 Neb. 478, 233 N.W.2d 302 (1975),

this court approved the holding of *Brumbaugh v. Frontier Refining Co.*, 173 Neb. 375, 385, 113 N.W.2d 497, 503 (1962), where we stated:

"Want of probable cause for instituting proceedings is an essential and indispensable element of an action for the malicious prosecution of either a civil or a criminal action, no matter what the result thereof; in fact, want of probable cause for the prosecution of the original proceeding by defendant has been described as the gist of the action. The very foundation of the action is that the previous legal proceeding was resorted to or was pursued causelessly. . . ."

*Schmidt v. Richman Gordman, Inc.*, 191 Neb. 345, 351, 215 N.W.2d 105, 109 (1974), sets out the necessary elements for the plaintiff to establish in a malicious prosecution case, including " '(4) the absence of probable cause for such proceeding; (5) the presence of malice therein; . . . ' " and goes on to state that "if any of these elements are lacking the result is fatal to the action."

In the cross-appeal under consideration, it was undisputed that Leisy acted at all times pursuant to the advice of his lawyer (different from Leisy's appellate counsel). It is clear from the convoluted facts in the record that sufficient confusion existed in the business relations between Leisy and Myers (most of which were handled pursuant to oral statements which may not have risen to the level of a contract) and in Myers' bankruptcy to prove that Leisy had not acted with the malice necessary to establish malicious prosecution. There was sufficient evidence to sustain the finding of the trial court in favor of Leisy on Myers' cross-petition. "[W]here a jury trial has been waived, the judgment of the trial court has the effect of a verdict of a jury and should not be set aside unless clearly wrong." *Kreikemeier v. McIntosh, ante* p. 551, 554, 391 N.W.2d 563, 565 (1986).

Affirmed.