CITY OF GORDON, NEBRASKA, APPELLEE, V.
MONTANA FEEDERS, CORP., APPELLANT.
730 N.W.2d 387

Filed April 20, 2007.   No. S-05-1214.

Roger I. Roots and David L. Nich, Jr., for appellant.

John F. Simmons and Howard P. Olsen, Jr., of Simmons Olsen Law Firm, P.C., for appellee.

CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Montana Feeders, Corp., appeals from the order of the Sheridan County District Court which found Montana Feeders in willful contempt of court and entered judgment against the company in the amount of $10,000.

## ANALYSIS

The Nebraska Constitution provides that the Supreme Court may promulgate rules of practice and procedure "[f]or the effectual administration of justice and the prompt disposition of judicial

proceedings . . . ."[1] The rules adopted by this court address, among other topics, the procedure for appealing decisions of the district court. The Supreme Court has established rules to ensure that all parties have an opportunity to have their arguments heard.

In the case at bar, the appellant, Montana Feeders, has provided the court with a brief which is not in compliance with this court's rules.[2] As such, Montana Feeders has limited the opportunity for the appellee, the City of Gordon, and this court to consider and understand its view.

■ The primary problem with Montana Feeders' brief is that it does not contain any assignments of error.[3] Rather, it lists four "Issues on Appeal." Court rules provide that briefs shall include:

> A separate, concise statement of each error a party contends was made by the *trial court*, together with the issues pertaining to the assignments of error. Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed.[4]

■ It has also long been this court's policy that to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.[5] In the case at bar, Montana Feeders does not specifically assign as error, or even refer to, any decision of the district court. None of the "issues on appeal" in Montana Feeders' brief assert that the district court erred in any way.

■ In addition to court rules, state law provides that an appellant's brief "shall set out particularly each error asserted and intended to be urged for the reversal, vacation, or modification of the judgment."[6] Montana Feeders' brief does not set out any errors, but instead identifies issues it asks this court to consider.

---

[1] Neb. Const. art. V, § 25.

[2] See Neb. Ct. R. of Prac. 9 (rev. 2001).

[3] See rule 9D(1)e.

[4] *Id.* (emphasis supplied).

[5] *State ex rel. Lemon v. Gale*, 272 Neb. 295, 721 N.W.2d 347 (2006).

[6] Neb. Rev. Stat. § 25-1919 (Reissue 1995).

This court has "caution[ed] that the failure of a party to submit a brief which complies with our rules may result in our treating the case as one in which no brief has been filed by that party."[7]

■ Montana Feeders' brief also does not comply with this court's rules concerning annotations to the record.[8] Montana Feeders was directed to supply a replacement brief to include annotations. However, the replacement brief does not comply with court rules. The statement of facts contains only a few annotations to the transcript and no annotations to the bill of exceptions. This court has stated: "We caution that failure to cause proper preparation of the record or the failure to properly document the brief with appropriate references to the record carries substantial risks and may have grave consequences."[9] The replacement brief did not cure the defects and still does not comply with court rules and § 25-1919.

The Supreme Court has noted that court rules require an appellant to support its arguments by citing to the bill of exceptions. The court stated:

> This rule is not for the purpose of relieving the court of the duty of examining the entire record, but to enable a better understanding of appellant's argument and to make more certain that "essential matters" are not overlooked in determining the questions presented in the appeal. Counsel should observe these rules in presenting appeals.[10]

We also note that Montana Feeders' brief does not contain a statement of the case as required by court rules.[11] Court rules also require a statement of the basis of jurisdiction of the appellate court.[12] The jurisdictional statement in this brief merely identifies a case which is believed to confer jurisdiction on the Supreme Court, but it does not state relevant facts establishing why the

---

[7] *State v. Biernacki*, 237 Neb. 215, 217, 465 N.W.2d 732, 734 (1991).

[8] See rule 9C.

[9] *Grubbs v. Kula*, 212 Neb. 735, 739, 325 N.W.2d 835, 837 (1982).

[10] *McCoy v. Cunningham*, 141 Neb. 708, 709, 4 N.W.2d 835, 836 (1942).

[11] See rule 9D(1)d.

[12] See rule 9D(1)c.

judgment or order sought to be reviewed is an appealable order; nor does it include the date of entry of the judgment or order sought to be reviewed or the date of filing of the notice of appeal and the date of depositing of the docket fee, all of which are required by court rules.

Thus, the court could consider this case as one in which no brief was filed by Montana Feeders. Alternatively, the court may examine the proceedings for plain error. In *Leisy v. Lisco State Bank*,[13] we stated, "Our cases have indicated that even if appellant does not assign any errors, this court examines the proceedings for plain error." The court continued:

> When a case is presented to this court for review, and a controlling defect in appellant's procedure is pointed out to us by appellee, it would be the height of inconsistency to allow appellant "to mend his hold" and thus circumvent the statute and our rules which have been applied to other litigants. To do so would reward appellant's carelessness and punish appellee's knowledge of the statute and the rules. Therefore, . . . Leisy's appeal presented no error for review by this court. In the absence of error presented for review, we affirm the judgment of the district court as to Leisy's cause of action against the [Lisco State] Bank.[14]

Montana Feeders did not submit a brief that complies with statute or court rules and did not specifically assign any error to the district court. In the interest of fairness, the court has reviewed the record for plain error, and we have found none.

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

HEAVICAN, C.J., and WRIGHT, J., not participating.

---

[13] *Leisy v. Lisco State Bank*, 223 Neb. 946, 947, 395 N.W.2d 517, 519 (1986).

[14] *Id.* at 948, 395 N.W.2d at 519 (citations omitted).