IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE INTEREST OF BRAYAN G.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF BRAYAN G., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,
V.
BRAYAN G., APPELLANT.

Filed November 5, 2013.    No. A-13-098.

Appeal from the County Court for Dixon County: DOUGLAS L. LUEBE, Judge. Reversed and remanded with directions.

Patrick H. Tott for appellant.

No appearance for appellee.

IRWIN, PIRTLE, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Brayan G. was adjudicated as a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) and (b) (Reissue 2008). As a result of his adjudication, the county court for Dixon County, acting as a juvenile court, entered a dispositional order which placed Brayan in the legal custody of the Department of Health and Human Services (the Department) and simultaneously placed him on probation until he reaches the age of majority. Brayan appeals from the county court's order. For the following reasons, we reverse the dispositional order entered by the county court.

## II. BACKGROUND

This appeal involves juvenile court proceedings which were initiated in Dixon County as a result of Brayan's failure to regularly attend school. However, in addition to the proceedings

initiated in Dixon County, Brayan was also involved in juvenile court proceedings in Wayne County and in Dakota County. All three of these juvenile court proceedings are ultimately relevant to the disposition order entered in the Dixon County proceedings which Brayan is appealing. As a result, we will detail Brayan's involvement in each juvenile court case.

Brayan's involvement with the juvenile court began in March 2011. At that time, the State filed a petition in the county court for Wayne County, acting as a juvenile court, which alleged that Brayan was a child within the meaning of § 43-247(3)(b) because he was "habitually disobedient, and unable to be controlled by his . . . guardian." Specifically, the petition alleged that Brayan had burned a piece of paper during an in-school suspension, had gotten physically aggressive with school officials, and had left the school's grounds without permission. Brayan admitted to the allegations in the petition, and he was adjudicated to be a child within the meaning of § 43-247(3)(b). On June 20, the county court entered a disposition order which placed Brayan on probation for a period of 9 months. The terms of Brayan's probation included obeying all laws, attending school, and completing community service.

While Brayan was still on probation, he was arrested in Dakota County for shoplifting. It appears from our record that after Brayan's arrest, he became involved with the juvenile court in Dakota County. However, the actual records from those juvenile court proceedings are not included in our record. Ultimately, Brayan's arrest for shoplifting led to him being placed on probation in Dakota County for a period of 6 months.

As a result of Brayan's being arrested for shoplifting in Dakota County, the State filed an information in the juvenile court proceedings in Wayne County, alleging that Brayan had violated the terms of his probation. The State requested that Brayan's probation be revoked. Brayan admitted that he had violated the terms of his probation.

While the revocation of probation proceedings were underway in Wayne County, juvenile proceedings had also been initiated in Dixon County. There, the State had filed a petition alleging that Brayan was within the meaning of § 43-247(3)(a) and (b) because Brayan had been "habitually truant from school" and because Brayan's mother had refused to ensure that Brayan was regularly attending school. Brayan and his mother admitted to the allegations in the petition. An initial disposition hearing was held on May 1, 2012. At this hearing, the county court ordered that Brayan be placed on probation "until further order of the court." As a part of the probation order, Brayan was required to attend summer school and was ordered to return to court for another disposition hearing in November.

After the probation order was entered in Dixon County, the county court in Wayne County entered an order transferring the revocation of probation proceedings to Dixon County. These proceedings were ultimately consolidated with the Dixon County proceedings.

A second disposition hearing was held in the county court for Dixon County on November 13, 2012. This hearing was in regard to both the revocation of probation proceedings from Wayne County and the proceedings which had been initiated in Dixon County. At this hearing, the county court ordered Brayan to participate in an evaluation with the Office of Juvenile Services (OJS). The court also ordered that the terms of the previous probation order were to continue.

On January 8, 2013, a third disposition hearing was held. At this hearing, the county court reviewed the results and recommendations of the OJS evaluation. The court then placed

Brayan in the legal custody of the Department, but permitted Brayan to remain in the physical custody of his mother. The court also ordered that Brayan be placed on probation until he reaches the age of majority.

Brayan appeals from the January 8, 2013, disposition order.

## III. ASSIGNMENTS OF ERROR

Brayan's brief on appeal does not comply with the briefing rules established by the Nebraska Supreme Court. Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2012) requires a separate section for assignments of error, designated as such by a heading, and also requires that the section be located after a statement of the case and before a list of controlling propositions of law. Brayan's brief does not set forth a separate section containing his assignments of error between the statement of the case and the propositions of law. Rather, in the brief's table of contents, Brayan includes three separate assertions of error beneath the "Argument" heading.

The Nebraska Supreme Court has addressed briefing inconsistencies similar to the circumstances of this case and stated that it has long been the policy that to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *City of Gordon v. Montana Feeders, Corp.*, 273 Neb. 402, 730 N.W.2d 387 (2007). Recently, the Supreme Court considered a case in which the appellant's brief did not contain a separate "assignments of error" section stating the assigned errors apart from the arguments in the brief. The court held that "[a]ssignments of error consisting of headings or subparts of argument do not comply with the mandate of § 2-109(D)(1)(e)." *In re Interest of Jamyia M.*, 281 Neb. 964, 977, 800 N.W.2d 259, 269 (2011).

In situations where an appellant has failed to file a brief which conforms to the court's rules, we may consider the case as one in which no brief was filed, or alternatively, we may examine the proceedings for plain error. See *id.* Given the nature of these proceedings, we will consider whether the county court committed plain error.

## IV. STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *In re Interest of Jamyia M., supra*.

## V. ANALYSIS

The January 8, 2013, disposition hearing concerned the juvenile court proceedings which had been initiated in Dixon County due to Brayan's failure to regularly attend school and the revocation of probation proceedings which had been initiated in Wayne County and which had previously been consolidated with the Dixon County juvenile court proceedings. The disposition hearing did not concern the juvenile court proceedings that had apparently been initiated in Dakota County after Brayan had been arrested for shoplifting. There is no indication in our record that the juvenile court proceedings in Dakota County were ever transferred to Dixon County or that such proceedings were even ongoing at the time of the January 8 disposition hearing. Essentially, there is no indication in our record that the county court of Dixon County

had jurisdiction over Brayan's shoplifting charges or over any resulting juvenile court proceedings initiated in Dakota County.

Despite the fact that the county court of Dixon County did not have jurisdiction over the shoplifting charges or over any resulting juvenile court proceedings initiated in Dakota County, it appears that the court did, in fact, consider such factors in crafting its January 8, 2013, disposition order. At the beginning of the disposition hearing, the court stated:

> And this . . . case is kind of unique because it combines some matters from other courts. There's a matter from Wayne County, a [§ 43-247(3)(b)] case, and from Dixon County the same, but then out of Dakota County there's a probation violation for a shoplifting charge. And this matter now comes on for disposition.

This statement appears to indicate that the county court believed that it was addressing all three of the juvenile court proceedings, including the proceedings from Dakota County, at the disposition hearing.

Just prior to orally pronouncing its disposition order at the hearing, the court again made a statement which appears to indicate that it was considering the Dakota County juvenile court proceedings. There, the court stated:

> Because this is kind of a hybrid, having all of these -- both 3(b) and, I guess, Subsection (1) cases combined. I'm going to issue this order. [Brayan] is placed on probation till age 19. He'll follow the general terms and conditions of probation set forth in paragraphs one through eight.
>
> . . . .
>
> . . . In addition, [Brayan is] placed under the care, control and custody of the [D]epartment . . . concerning the Subsection (1) out of Dakota County and will comply with all terms of the OJS evaluation and the recommendations therein, and he shall be subject to electronic monitoring until further order of this court.

Later in the hearing, Brayan's counsel specifically asked the court if the disposition order concerned "all three cases." The court responded by reiterating that the disposition order "combin[ed]" all three of the cases.

Based on our reading of the court's comments at the disposition hearing, it appears likely that the court was considering Brayan's arrest for shoplifting in Dakota County and the resulting juvenile court proceedings when it entered the January 8, 2013, disposition order. However, the court clearly did not have jurisdiction over the Dakota County proceedings, and whatever had transpired in Dakota County was not directly relevant to the court's decision regarding Brayan's current disposition.

Accordingly, we conclude that to the extent the court considered the proceedings from Dakota County in crafting its disposition order, the court committed plain error. We remand the matter to the Dixon County Court with directions to enter a new disposition order which either constructs a new disposition without consideration of the Dakota County proceedings or makes clear that it did not consider the Dakota County proceedings when it entered the January 8, 2013, disposition order.

Given our decision to remand the matter for entry of a new disposition order, we need not, and do not, specifically comment on the propriety of the court's decision to place Brayan in

the legal custody of the Department while at the same time placing him on probation until he reaches the age of majority. Rather, we simply note that the Nebraska Supreme Court has recently held that "it is within the juvenile court's statutory power to issue a dispositional order for juveniles adjudicated under § 43-247(3)(b), which includes both legal custody with [the Department] and supervision by a probation officer," as long as such order is in the juvenile's best interests. *In re Interest of Katrina R.*, 281 Neb. 907, 915, 799 N.W.2d 673, 679 (2011).

## VI. CONCLUSION

We conclude that the county court committed plain error when it considered Brayan's shoplifting arrest and the resulting juvenile court proceedings from Dakota County in crafting the January 8, 2013, dispositional order. We remand the matter to the county court to enter a new disposition order which contemplates only the juvenile proceedings from Dixon County and the consolidated revocation of probation proceedings from Wayne County.

REVERSED AND REMANDED WITH DIRECTIONS.