CHRISTINE A. WILSON, APPELLANT, V.
TERRY P. WILSON, APPELLEE.
___ N.W.2d ___

Filed July 28, 2015.    No. A-14-081.

1. **Constitutional Law: Rules of the Supreme Court.** The Nebraska Constitution provides that the Supreme Court may promulgate rules of practice and procedure for the effectual administration of justice and the prompt disposition of judicial proceedings.

2. **Rules of the Supreme Court: Appeal and Error.** The rules of practice and procedure adopted by the Supreme Court address, among other topics, the procedure for appealing decisions of the district court and for properly presenting errors allegedly committed by the district court to the appellate court for review and disposition.

3. ____: ____. Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. Any party who fails to properly identify and present its claim does so at its own peril.

4. ____: ____. Neb. Ct. R. App. P. § 2-109(D)(1)(d), (e), and (f) (rev. 2012) requires a separate section for assignments of error, designated as such by a heading, and also requires that the section be located after a statement of the case and before a list of controlling propositions of law.

5. ____: ____. Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2012) requires that the assignments of error section include a separate and concise statement of each error the party contends was made by the trial court.

6. ____: ____. Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed.

7. ____: ____. Where a party fails to comply with the court rules requiring a separate section setting forth the assignments of error, an appellate court may proceed as though the party failed to file a brief entirely or, alternatively, may examine the proceedings for plain error.

8. **Appeal and Error.** The decision to proceed on plain error is at the discretion of the appellate court.

9. ____. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

10. **Rules of the Supreme Court: Appeal and Error.** Assignments of error consisting of headings or subparts of the argument section do not comply with the mandate of Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2012).

11. **Appeal and Error.** Plain error exists where there is error, plainly evident from the record but not complained of at trial, that prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

12. ____. Where an issue is raised and complained of at trial, it cannot be the basis of a finding of plain error on appeal.

Appeal from the District Court for Douglas County: THOMAS A. OTEPKA, Judge. Affirmed.

Catherine Dunn Whittinghill, of Welch Law Firm, P.C., for appellant.

Adam E. Astley, of Slowiaczek, Albers & Astley, P.C., L.L.O., for appellee.

MOORE, Chief Judge, and IRWIN and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Christine A. Wilson appeals from an order of the district court for Douglas County, Nebraska, modifying the court's prior decree dissolving her marriage to Terry P. Wilson. On appeal, Christine argues that the court erred in modifying the decree, but she has not presented any assignments of error as clearly required by Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2012). As a result, we review only for plain error and, finding none, we affirm.

## II. BACKGROUND

This is the third appearance of this case before this court. On June 25, 2010, we dismissed one appeal, case No. A-10-490,

for lack of jurisdiction. Then, in *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011), we reversed an order of the district court in which the court effectively modified the dissolution decree without following the appropriate procedures for bringing and resolving an application to modify the decree.

As we noted in our opinion in *Wilson*, the dissolution decree entered by the district court included division of, among other items, an "'Oppenheimer'" fund, a "'SEP/IRA'" fund, and equity in the parties' marital home and another parcel of real property; provided that each party was to receive one-half of the value of the Oppenheimer fund, that each party was to receive one-half of the SEP/IRA fund, and that Christine was to receive 40 percent of the net equity in the marital home and a share of the equity in the other parcel of real property; and ordered Christine to pay certain marital debt. 19 Neb. App. at 104, 803 N.W.2d at 522. The court also ordered Christine to vacate the marital home by October 31, 2009, or whenever the property was sold, whichever occurred first. There was no appeal from the decree.

Christine failed to vacate the marital home by October 31, 2009, as ordered in the decree. In February 2010, Terry filed a motion requesting the court to determine amounts due under the decree and asserting that he had been required to make additional mortgage payments as a result of Christine's failure to vacate. At a hearing on Terry's motion, Terry presented the district court with an exhibit in which he calculated what Christine had been awarded in the decree and proposed subtracting from that award amounts he had allegedly incurred as a result of Christine's failure to vacate the marital home as ordered in the decree, as well as various temporary support payments he had made to Christine. Terry's calculations would have resulted in Christine's receiving nearly $30,000 less than she had been awarded in the decree.

The district court sustained Terry's motion to determine amounts due and found Christine in contempt for her failure to vacate the marital home as ordered in the decree. In *Wilson,*

*supra*, we agreed with Christine that the district court's order amounted to a modification of the dissolution decree without following the proper procedures for a modification proceeding, and we reversed, and remanded.

After the matter was remanded to the district court, Terry filed a complaint to modify the decree of dissolution. Terry alleged a material change of circumstances had occurred "[s]ince the time of trial." Terry alleged that the material change of circumstances included a delay in the entry of the court's decree that resulted in Terry's being obligated under a temporary order longer than the trial court had intended, Christine's failure to vacate the marital home, Christine's failure to cooperate in the sale of the marital home, Christine's neglect or deliberate damage to the marital home that resulted in diminution of the value received in sale, and Terry's continued payment of the mortgage on the marital home and distribution of funds to Christine out of the Oppenheimer fund.

A trial was held on Terry's complaint for modification. After the trial, the district court entered an order modifying the decree. In its order, the district court found that this court's opinion in *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011), "did not question the substance of the relief granted" by the district court's prior sustaining of Terry's motion to determine amounts due, "but the procedure used by [Terry's] prior counsel" to gain that relief.

The district court concluded that this court's opinion in *Wilson, supra*, "indicated that the allegations raised by [Terry in the motion to determine amounts due] constituted a material change in circumstances" and concluded that this was "a final Appellate Order" which was "both mandatory *Vertical Stare Decisis,* and the *Law of the Case* in this case and . . . binding on [the district court]." The district court held that this court's opinion in *Wilson, supra*, "in referring to this case as one of a change of circumstances is *Res Judicata*, as [Christine] elected not to pursue a Petition for Further Review by the Nebraska Supreme Court."

The district court further held that Terry's complaint for modification of the decree "does allege a change in circumstances, and that predicated upon that new pleading, the Decree should be modified in accordance with that change in circumstances." The court concluded that not modifying the decree to take into account ongoing payments under the temporary order pending entry of the decree and Christine's failure to vacate the marital home as ordered in the decree would result in a significant windfall to her, and the court modified the decree.

Christine has now appealed.

## III. ASSIGNMENTS OF ERROR

As noted above, Christine has not presented any assignments of error in her brief on appeal.

## IV. ANALYSIS

### 1. LACK OF ASSIGNED ERRORS

Christine failed to comply with the clear and straightforward directives of the Nebraska Supreme Court's rules of appellate practice governing the manner of presenting alleged errors to the appellate court. Christine's brief contains no assignments of error and, instead, contains arguments with headings that allege that the trial court erred in various ways. As has been repeatedly noted by the appellate courts of this state for at least the past decade, this is not sufficient.

[1,2] The Nebraska Constitution provides that the Supreme Court may promulgate rules of practice and procedure "'[f]or the effectual administration of justice and the prompt disposition of judicial proceedings . . . .'" *City of Gordon v. Montana Feeders, Corp.*, 273 Neb. 402, 402-03, 730 N.W.2d 387, 389 (2007), quoting Neb. Const. art. V, § 25. The rules adopted by the Supreme Court address, among other topics, the procedure for appealing decisions of the district court and for properly presenting errors allegedly committed by the district court to the appellate court for review and disposition. See *City of Gordon, supra*.

[3] Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). Any party who fails to properly identify and present its claim does so at its own peril. *Id.*; *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006). See, also, *State v. Rouse*, 13 Neb. App. 90, 688 N.W.2d 889 (2004) (cautioning litigants to comply with court rules).

[4-6] Section 2-109(D)(1)(d), (e), and (f) requires a separate section for assignments of error, designated as such by a heading, and also requires that the section be located after a statement of the case and before a list of controlling propositions of law. *Steffy, supra*; *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011). The rule requires the assignments of error section include a separate and concise statement of each error the party contends was made by the trial court. *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. 778, 839 N.W.2d 265 (2013); *In re Interest of Laticia S.*, 21 Neb. App. 921, 844 N.W.2d 841 (2014). Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed. *City of Gordon, supra*.

[7-9] Where a party fails to comply with the court rules requiring a separate section setting forth the assignments of error, an appellate court may proceed as though the party failed to file a brief entirely or, alternatively, may examine the proceedings for plain error. See, *In re Interest of Justine J. & Sylissa J.*, 288 Neb. 607, 849 N.W.2d 509 (2014); *Steffy, supra*; *In re Interest of Samantha L. & Jasmine L., supra*; *In re Interest of Jamyia M., supra*; *In re Interest of Laticia S., supra*. See, also, *City of Gordon, supra*; *In re Estate of Lorenz*, 22 Neb. App. 548, 858 N.W.2d 230 (2014). The decision to proceed on plain error is at the discretion of the appellate court. *Steffy, supra*. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *In re Interest of Samantha L. &*

*Jasmine L., supra*; *In re Interest of Jamyia M., supra*; *In re Interest of Laticia S., supra*.

In her reply brief, Christine acknowledges that she failed to comply with the court rules and failed to include a separate assignments of error section. She urges us to ignore this deficiency, however, and argues that "[a]lthough [she] failed to include in her brief a separate section for assignment of errors, the headings contained in the argument section of her brief clearly state each assignment of error." She further argues that her "mistake is one of form[,] not substance," and that "[a]s such, this Court should apply a de novo review of the record for abuse of judicial discretion." Reply brief for appellant at 1.

[10] Christine's argument in this regard, like her disregard for the court rule requiring a separate section for assignments of error, disregards that the Nebraska Supreme Court has repeatedly rejected the assertion that assignments of error presented in argument headings, rather than a separate section, should suffice. The Nebraska Supreme Court has repeatedly held that assignments of error consisting of headings or subparts of the argument section do not comply with the mandate of § 2-109(D)(1)(e). *Steffy, supra*; *In re Interest of Jamyia M., supra*. See, also, *In re Interest of Samantha L. & Jasmine L., supra*; *Gilbert & Martha Hitchcock Found. v. Kountze*, 275 Neb. 978, 751 N.W.2d 129 (2008); *In re Interest of Laticia S., supra*. Consistent with the Nebraska Supreme Court's treatment of this issue, we enforce the court rules and reject Christine's assertion that her argument headings suffice to present her alleged assigned errors.

In numerous cases over the last several years, including those cited above, the appellate courts of this state have consistently emphasized that compliance with the basic requirements of § 2-109(D)(1)(e) concerning presentation of assignments of error is necessary and that failure to so comply will result in the appellate court not addressing the alleged errors. As such, we decline to address the issues Christine has raised on appeal.

## 2. Plain Error

As noted above, at our discretion, we may review the record for plain error. In this case, we decline to find plain error.

We initially note that we do disagree with the district court's reading of our opinion in *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011). In *Wilson*, the district court had been presented with a motion to determine amounts due under the decree, filed several months after entry of the decree and after no direct appeal had been taken, in which Terry alleged that Christine's failure to vacate the marital home within the time ordered in the decree had resulted in Terry's being required to make additional mortgage payments on the marital home. In that case, Terry requested the district court determine the amounts due under the decree and modify the amount of the property settlement award that Christine was entitled to under the decree because of her conduct in not vacating the marital home.

In *Wilson, supra*, the issue presented to us was whether it was appropriate for the district court to grant the motion to determine amounts due and modify the terms of the decree based on Christine's postdecree actions. We reversed the district court's determination and explained that a motion to determine amounts due was not the proper procedural posture for Terry to seek relief because the decree had not been ambiguous or unclear and because the amounts due under the decree were easily ascertainable. Thus, the substance of Terry's motion to determine amounts due did not justify the relief granted.

We continued, in dicta, to note that Terry's motion appeared to be alleging a material change in circumstances that had occurred after the entry of the decree and appeared to be seeking to modify the decree as a result of such material change in circumstances, but that the case had not procedurally proceeded consistent with a modification proceeding. We concluded that "[m]odifying the amounts awarded to Christine in the decree, without following the appropriate procedures for bringing and resolving an application to modify the decree,

was not appropriate in this action to determine amounts due." *Wilson*, 19 Neb. App. at 109, 803 N.W.2d at 525. We did not indicate that a material change of circumstances existed or that a material change of circumstances would be a proper basis for modification absent a showing of fraud; those issues were not properly before us for resolution.

On remand, Terry filed a complaint to modify the decree and specifically alleged that "there has been a significant and material change in circumstances not anticipated by the parties or by the Court that, had such been known at the time of trial, would have caused the Court to order a different division of property and support scheme." In its order granting Terry's complaint, the district court concluded that our opinion in *Wilson* was "a departure from the general rule that property divisions are not modifiable," but concluded that "it is a final Appellate Order" and was "both mandatory *Vertical Stare Decisis,* and the *Law of the Case* in this case and the holding is binding on [the district court]."

Our opinion in *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011), was not intended to suggest property awards are generally modifiable in any way inconsistent with existing Nebraska jurisprudence, and to the extent any of our language in *Wilson* suggests otherwise, we specifically disapprove of it. The law in Nebraska remains that property awards generally will not be modified in the absence of fraud or gross inequity. See, *Davis v. Davis*, 265 Neb. 790, 660 N.W.2d 162 (2003); *Gruber v. Gruber*, 261 Neb. 914, 626 N.W.2d 582 (2001); *Bokelman v. Bokelman*, 202 Neb. 17, 272 N.W.2d 916 (1979). Our opinion in *Wilson* merely recognized that Terry appeared to be attempting to modify the terms of the decree, appeared to be attempting to do so by seeking a determination of amounts due as a result of a change in circumstances, and was not entitled to have the terms of the decree modified as a result of the procedure followed.

In the present case, Terry argues on appeal that the district court's decision modifying the decree was appropriate because the evidence did demonstrate that failing to modify

the decree would result in gross inequity. We decline to specifically address the merits of this argument, except to conclude that we do not find any plain error in the district court's ultimate modification in this case.

[11,12] Plain error exists where there is error, plainly evident from the record but not complained of at trial, that prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Kays*, 289 Neb. 260, 854 N.W.2d 783 (2014). Where an issue is raised and complained of at trial, it cannot be the basis of a finding of plain error on appeal. See *In re Estate of Morse*, 248 Neb. 896, 540 N.W.2d 131 (1995).

In this case, the primary issue argued between the parties on remand was whether it was appropriate for the district court to modify the property award. The district court made a specific finding that not modifying the property award would result in a "windfall" to Christine. On appeal, Christine's arguments are primarily based on her assertion that the trial court reached the wrong conclusion when she complained at trial about the property award not being modifiable in the absence of a showing of fraud or gross inequity.

We decline to conclude that the district court erred in modifying the decree in this case, and even if such modification was error, the matter was complained of at trial. In her appeal about how the court ruled when she complained of this issue at trial, Christine simply failed to comply with the clear requirements of the court rules and repeated appellate decisions governing the proper presentation of assigned errors. Thus, we find no plain error in this case.

The dissent disagrees with our conclusion that plain error is error plainly evident from the record *and* not complained of at trial. The dissent appears to disagree that the alleged error not being complained of at trial is part of what defines the error as "plain error," and instead, it suggests that the alleged error not being complained of at trial is a basis for looking

for plain error. The plain wording of the Supreme Court, however, suggests that the fact that the error was not complained of at trial is part of the definition of what makes it plain error that can be remedied. We *have* reviewed for plain error in this case, and we conclude that because the issue was raised and was the focal issue at trial, it does not constitute plain error as that has been defined by the Supreme Court. As recently as October of last year, the Nebraska Supreme Court specifically iterated that plain error is error not complained of at trial. See *Kays, supra*. The Supreme Court similarly has included that requirement in its statement of the basic requirements for what constitutes plain error several times in *Kuhnel v. BNSF Railway Co.*, 287 Neb. 541, 844 N.W.2d 251 (2014); *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014); *State v. Trice*, 286 Neb. 183, 835 N.W.2d 667 (2013); *United States Cold Storage v. City of La Vista*, 285 Neb. 579, 831 N.W.2d 23 (2013); *State v. Reinpold*, 284 Neb. 950, 824 N.W.2d 713 (2013); and *State v. Smith*, 284 Neb. 636, 822 N.W.2d 401 (2012), to cite cases only from the last 3 years.

A very clear example of this principle is found in *In re Estate of Morse*, 248 Neb. 896, 540 N.W.2d 131 (1995). In that case, the Supreme Court reviewed an estate action wherein the personal representative had offset a promissory note against one heir's distributive share. The heir appealed the county court's and district court's upholding of this offset, arguing on appeal that the district court had committed plain error in failing to apply a statutory provision relevant to the issue. On appeal, the Supreme Court set forth the basic requirements of plain error that we have noted above, including that plain error must be something that was not complained of at trial. The court then specifically held that the heir

> asks [the Supreme Court] to find plain error on an issue that was raised at trial. [The heir] raised the [issue], and it was rejected by the trial court. Plain error is error plainly evident from the record and not complained of at trial. [Citation omitted.] The [issue] was complained of at trial; therefore, plain error does not exist.

*In re Estate of Morse*, 248 Neb. at 899, 540 N.W.2d at 133. The Supreme Court specifically concluded that the alleged error could not be considered plain error because it was raised and complained of at trial.

The dissent, rather than explaining how this court can disregard the Supreme Court's repeated iteration that plain error is error not complained of at trial, cites to cases wherein the appellate court's expression of plain error did not include the language "not complained of at trial" and cases wherein the appellate court has discussed matters raised below, although concluding that they did not amount to error. A review of the cases cited by the dissent, however, reveals that they do not support the notion that issues complained of at trial can amount to plain error. Indeed, although the appellate courts have sometimes not included the language "not complained of at trial" in the expression of plain error, and have sometimes reviewed whether the alleged matter complained of below could be considered error at all, in the cases cited by the dissent, the court did not find plain error at all. The court specifically concluded that there was no plain error and affirmed the trial court's order. The dissent has not cited a single case wherein something that was complained of at trial was held to constitute plain error. The cases cited by the majority opinion and the cases cited by the dissent, read as a whole body of case law, demonstrate that the appellate courts have found that alleged errors are not "plain error" sometimes because they were raised at trial and sometimes because they were not error at all, but do not reveal any instance in which plain error was actually found without something being both erroneous *and* not complained of at trial.

## V. CONCLUSION

Christine failed to comply with the court rules necessary for presenting her allegations of error to this court. We decline to address her assertions, find no plain error, and affirm.

Affirmed.

BISHOP, Judge, dissenting.

I do not see how we can avoid finding plain error in this case. Because of misleading language from this court in *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011), which suggested that property awards could be modified upon a showing of a material change in circumstances, the district court did just that. The district court entered an order modifying the parties' property award based on a change in circumstances and ended up with the exact same result this court reversed in *Wilson, supra*. The majority states that "we do disagree with the district court's reading of our opinion in *Wilson*," that the "material change in circumstances" language was in dicta, and that

> [o]ur opinion in *Wilson* . . . was not intended to suggest property awards are generally modifiable in any way inconsistent with existing Nebraska jurisprudence, and to the extent any of our language in *Wilson* suggests otherwise, we specifically disapprove of it. The law in Nebraska remains that property awards generally will not be modified in the absence of fraud or gross inequity.

I agree with the majority that Nebraska law provides that property awards generally will not be modified in the absence of fraud or gross inequity, and further agree with disapproving any language in *Wilson, supra*, suggesting otherwise. However, the majority, despite acknowledging its disagreement with the district court's reading of *Wilson*, and further disapproving the language in *Wilson* upon which the district court relied in modifying the property award, nevertheless concludes such errors do not rise to plain error because

> even if such modification was error, the matter was complained of at trial. In her appeal about how the court ruled when she complained of this issue at trial, Christine simply failed to comply with the clear requirements of the court rules and repeated appellate decisions governing the proper presentation of assigned errors. Thus, we find no plain error . . . .

The majority later states, "We *have* reviewed for plain error in this case, and we conclude that because the issue was raised and was the focal issue at trial, it does not constitute plain error as that has been defined by the Supreme Court." Apparently, the majority interprets our plain error jurisprudence to mean that any matter raised or complained about at trial can never form the basis of a plain error review on appeal. I cannot agree with that interpretation. Rather, my view of the plain error standard of review is supported by this court's and our Supreme Court's application of plain error review when, as in this case, the impetus for conducting such a plain error review stems from an appellant's failure to comply with appellate court briefing rules rather than something "not complained of at trial." There is precedent for a plain error review in both circumstances.

The majority focuses on appellate plain error jurisprudence stemming from cases where errors occurred but were not complained of at trial. There is no question that plain error can occur in such cases. However, the majority fails to consider those appellate cases wherein a plain error review was conducted, including a review of matters raised at trial, when an appellant's brief failed to comply with appellate briefing rules. The majority cites to a group of cases to support its view of plain error that involved errors not complained of at trial, such as the failure to object to a jury instruction, *Kuhnel v. BNSF Railway Co.*, 287 Neb. 541, 844 N.W.2d 251 (2014), or the failure to raise a constitutional challenge at the trial level, *United States Cold Storage v. City of La Vista*, 285 Neb. 579, 831 N.W.2d 23 (2013). Because of such omissions at the trial level, appellate review of such matters was limited to plain error. Plain error may be asserted for the first time on appeal. *State v. Reinpold*, 284 Neb. 950, 824 N.W.2d 713 (2013). In the case separately addressed by the majority, *In re Estate of Morse*, 248 Neb. 896, 540 N.W.2d 131 (1995), in appealing from probate court to the district court, the appellant failed to make any assignments of error to the district court, which resulted in a plain error review by the district

court. The district court affirmed the probate court "because no statement of errors and issues on appeal had been filed, and the court found no plain error on the record." *Id*. at 898, 540 N.W.2d at 132. On review by the Supreme Court, it noted that the statute of limitations defense had been raised at trial, and was rejected by the trial court, and that therefore, plain error did not exist. *In re Estate of Morse, supra*. However, neither *In re Estate of Morse* nor any of the cases cited to by the majority involved a plain error review resulting from non-compliance with appellate briefing rules. Both our Supreme Court and this court have conducted a plain error review of the primary issue raised at trial when an appellate brief failed to comply with appellate briefing rules.

A recent example of plain error review being invoked by both this court and our Supreme Court due to noncompliance with appellate briefing rules and involving appellate review of the primary matter complained of at trial can be found in *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). In that appeal involving the request of a custodial parent, the father, to remove a child from Nebraska to Texas, this court's plain error review and decision was subsequently reversed by our Supreme Court on a plain error review. In both courts, the primary issue raised at trial—removal of the child from Nebraska to Texas—was considered under a plain error review on appeal. Importantly, neither this court nor the Supreme Court refused to review the record for plain error due to the removal issue having been raised or complained about at the trial level. The *Steffy* court stated:

> The Court of Appeals found that [the father's] appel-late brief did not comply with Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2008). The Court of Appeals, under a plain error standard of review, reevaluated all the evi-dence of the record and concluded that the district court had plainly erred in its determinations that [the father] did not have a legitimate reason and that the move to Texas was not in [the child's] best interests. . . .

Finding that there was a legitimate reason for removal and that the removal was in [the child's] best interests, the Court of Appeals held that the district court's decision deprived [the father] of a just result and was, therefore, plain error.

287 Neb. at 535-36, 843 N.W.2d at 661-62.

At issue in *Steffy* was the father's request to remove the child from Nebraska to Texas. The child's mother resisted the move, and the district court denied the removal request based upon its finding that the father failed to meet his burden to show that there was a legitimate reason to relocate and that the relocation was in the child's best interests. As did this court, the Supreme Court noted that the father's appellate brief failed to comply with appellate briefing rules. The Supreme Court stated, "In this situation, an appellate court may proceed as though [the father] had failed to file a brief or, alternatively, may examine the proceedings for plain error. The decision to proceed on plain error is at the discretion of the appellate court." *Steffy*, 287 Neb. at 537, 843 N.W.2d at 662. And, "As did the Court of Appeals, we choose to review the record for plain error. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process." *Id*. Notably, the plain error proposition of law did not include the phrase "not complained of at trial." The Supreme Court then went through key components of the removal analysis set forth in *Farnsworth v. Farnsworth*, 257 Neb. 242, 597 N.W.2d 592 (1999), and concluded that the district court did not plainly err in its determination that the move was not in the child's best interests. The Supreme Court discussed details from the record that supported the district court's findings, specifically noting:

Both quality of life and impact on the noncustodial parent weigh against relocation, while the motives of each party are equally balanced. It is not our role as an appellate court under a plain error standard of review to substitute our opinion for an opinion of a district court that

is reasonably supported by the record. Furthermore, we cannot conclude from the record that the factual findings of the district court were so unsubstantiated that any purported errors were injurious to the integrity, reputation, or fairness of the judicial process as to justify reversal on appeal under the plain error doctrine.

*Steffy v. Steffy*, 287 Neb. 529, 540, 843 N.W.2d 655, 664-65 (2014). Notably, this court in *Steffy*, and on further review, the Supreme Court, conducted a plain error analysis that involved reviewing the removal issue—the very issue that was clearly raised and the focal point of the trial.

In another recent case involving a plain error review due to a noncompliant brief, *In re Interest of Justine J. & Sylissa J.*, 288 Neb. 607, 849 N.W.2d 509 (2014), a juvenile court found that the State had not shown by clear and convincing evidence that parental termination was in the children's best interests. When the State appealed, our Supreme Court conducted a plain error review because the State's brief did not contain a separate section for assignments of error. The Supreme Court reviewed the evidence regarding best interests to determine whether clear and convincing evidence was produced; this was clearly a review of what was primarily at issue in the proceeding below. The Supreme Court again set forth the proposition that "[p]lain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process." *Id.* at 609, 849 N.W.2d at 511. And again, the phrase "not complained of at trial" is not contained in the plain error proposition of law when applied to a plain error review resulting from a noncompliant brief.

In yet another case where noncompliant briefing caused a plain error review on appeal as to issues directly addressed at trial, *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. 778, 839 N.W.2d 265 (2013), a juvenile court found that no further reasonable efforts were required in support of reunification between the minor children at issue and their parents. On appeal, the parents failed to include a separate section

assigning errors with regard to the juvenile court's order from which they appealed. Our Supreme Court stated that "where a brief of a party fails to comply with the mandate of § 2-109(D)(1)(e), we may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error." *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. at 783, 839 N.W.2d at 270. The Supreme Court pointed out the juvenile court's order found that reasonable efforts in support of reunification were no longer required and that the primary permanency objective for one child was to be independent living, and for the other child, guardianship with a concurrent plan for adoption. The Supreme Court then stated, "Because both [parents] failed to include a separate section assigning error in their briefs on appeal, we will review each of the above findings for plain error." *Id*. at 784, 839 N.W.2d at 270. The Supreme Court then evaluated the evidence showing that the parents had failed to utilize reunification services, and it stated, "Based upon the substantial evidence before the court of [the parents'] unwillingness to utilize these services, we find that the court did not commit plain error in no longer requiring [the Department of Health and Human Services] to provide reasonable efforts in support of reunification." *Id*. at 785, 839 N.W.2d at 271. The Supreme Court then discussed the evidence regarding the primary permanency objectives, and it concluded that the juvenile court did not commit plain error in modifying the children's primary permanency objectives. These issues addressed under a plain error review were the very issues raised in the juvenile court proceeding and were the basis for the appeal from the juvenile court's order. So while complained about at trial, our Supreme Court nevertheless proceeded to conduct a detailed review of the evidence for plain error.

In *Logan v. Logan*, 22 Neb. App. 667, 859 N.W.2d 886 (2015), a marriage dissolution appeal, this court noted that the wife's brief on cross-appeal failed to contain a separate section setting forth assignments of error. "Rather, her brief includes in headings within the 'Argument' section of the brief

assertions that the district court committed error concerning the valuation of the business and denial of her request for attorney fees." *Id.* at 682, 859 N.W.2d at 899. Citing to *In re Interest of Samantha L. & Jasmine L., supra*, and *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011), this court stated that failure to set forth the separate assignments of error section may result in the court's examining the proceedings for plain error and that "[p]lain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process." *Logan*, 22 Neb. App. at 682, 859 N.W.2d at 899. Notably, the plain error proposition did not include the phrase "not complained of at trial." This court then stated, "After reviewing the relevant parts of the record, we find no plain error." *Id*. This court did not say it was prevented from reviewing the wife's claimed errors because they had already been raised at trial; instead, this court noted that it reviewed "relevant parts of the record" and concluded there was no plain error.

I agree with the majority that plain error has generally been applied in situations where the error is plainly evident from the record and was not complained of at trial. Such use of a plain error review is particularly important when the law has not been correctly applied at the trial level, and in particular, when a trial judge is applying the law as it is understood to be at the time but may be subsequently changed or clarified. For example, contained in the majority's group of cases cited is *State v. Trice*, 286 Neb. 183, 835 N.W.2d 667 (2013). In that case, the defendant was convicted of second degree murder. The trial court gave the jury a step instruction regarding second degree murder and manslaughter. Our Supreme Court stated, "Although the instruction was correct when it was given, our subsequent holding in *State v. Smith*[, 282 Neb. 720, 806 N.W.2d 383 (2011),] rendered the instruction an incorrect statement of the law." *Trice*, 286 Neb. at 184, 835 N.W.2d at 669. Accordingly, our Supreme Court found plain error and reversed for a new trial. The *Trice* case, and the

other cases in the group cited to by the majority, do stand for the proposition that plain error generally arises from a matter not complained of at trial. However, where we appear to disagree is that a plain error review may still be conducted for issues that were raised or complained of at trial but which cannot be reviewed for specific assigned errors pursuant to the standard of review typically applied to such errors because of noncompliance with appellate briefing rules, as in the case before us.

The key to a plain error review on appeal—whether it stems from an error not complained about at trial or from noncompliant briefing—is to determine whether leaving an evident error uncorrected would clearly result in damage to the integrity, reputation, and fairness of the judicial process. In the appeal before us, the majority acknowledges that this court set forth misleading language in *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011), upon which the district court relied to modify a property award based on a change in circumstances rather than a finding of fraud or gross inequity. The majority can see that the language in *Wilson* was misleading (hence, its disapproval), acknowledges that the district court relied upon the now disapproved language, and yet refuses to provide relief to Christine. The district court's error was the result of this court's error; I do not see how we can refuse to correct the problem this court inadvertently created. In my opinion, when errors are this evident, this is precisely when a plain error review allows us to make corrections so that we may preserve the integrity, reputation, and fairness of the judicial process. I would reverse the district court's order and thus once again restore the property award to its initial terms.